**WILLIAMS v. CREIGHTON et al.**

No. 3331.

Court of Civil Appeals of Texas. El Paso.

March 19, 1936.

G. Woodson Morris, of San Antonio and Thomas B. Smiley, of Karnes City, for appellant.

D. O. Klingeman, of Karnes City, and Eskridge & Groce, of San Antonio, for appellees.

HIGGINS, Justice (after stating the case as above).

The record does not affirmatively show the theory upon which the court acted in sustaining the motion of the Creightons. Appellant assumes it was because of the variance between his pleading that he was struck by both cars while the evidence shows he was struck by the Abernathy car only. This is the theory upon which the Creightons seek to sustain the court's action, and we can conceive of no other reason which would have prompted such action.

 The gist of the action was the specific acts of negligence charged against Abernathy and Mrs. Creighton and the resulting injuries to the plaintiff caused by the collision. Whether one or both of the crashing cars struck the plaintiff is a minor and unimportant detail in the sequence of events. In the state of the pleadings and evidence it cannot be reasonably assumed the Creightons were in any manner surprised, misled, or prejudiced by the variance between the allegation that plaintiff was struck by both of the cars and the proof that the Abernathy car only struck him. The variance was not fatal. Underwood v. Hall (Mo.App.) 3 S.W.(2d) 1044; Conley v. Lafayette Motor Car Co., 204 Mo.App. 37, 221 S.W. 165; Jones v. Northwestern Auto Supply Co., 93 Mont. 224, 18 P.(2d) 305. The court erred in refusing to submit the case as against Mrs. Creighton, for the evidence abundantly raises issues of negligence upon her part proximately causing the collision.

If we err in the view the variance was not fatal, then we are of the further opinion it was error to refuse the plaintiff leave to file the requested trial amendment. The allowance of such amendments rests in the sound discretion of the court, but it should not be refused when such refusal results in a miscarriage of justice and the granting of same could not operate to surprise or otherwise prejudice the opposing side.

If the amendment sought by plaintiff was a necessary one in order to carry his case to the jury as against the Creightons, it should have been allowed, and, under the facts reflected by this record, the court erred in refusing to permit same.

Appellants complain of the refusal to submit a requested issue as to whether Abernathy kept a proper lookout. The refusal of such issue presents no error, for the issue was properly submitted in the main charge.

The judgment as to Abernathy is affirmed; as to the Creightons it is reversed and the cause remanded.