**RAGSDALE et al. v. LINDSEY.**

No. 6254.

Court of Civil Appeals of Texas. Amarillo.

Nov. 3, 1952.

Rehearing Denied Dec. 1, 1952.

placed as a barricade and seated herself at the fountain under the scaffold of appellants. While Mrs. Lindsey was drinking coffee at the fountain, the scaffold of appellants fell across the end of the fountain. Appellee alleged that his wife was injured by the falling scaffold and brought suit for damages against both Skillern & Sons, Inc., and appellants.

On completion of the evidence in the cause appellee, over the objection of appellant, filed a trial amendment setting up the theory of discovered peril as a basis of recovery of damage. The wisdom of appellee's course is indicated by the jury findings in the cause convicting appellee's wife of numerous acts of contributory negligence. On these findings of contributory negligence judgment was correctly rendered for Skillern & Sons, Inc. Appellee was awarded judgment against appellants in the sum of $7,500 upon the issues of discovered peril.

Appellants bring forward 16 points of error but only those points pertinent to the rulings on appeal will be discussed. The necessary facts will be stated in the discussion of the respective issues.

Appellants' first and second points of error assert there is no evidence to support the issues of discovered peril. The issue submitted by these two points will be discussed under two phases as presented by the record and by the contentions of the respective parties.

Thompson, Knight, Wright & Simmons, Dallas, for appellants.

White & Yarborough, Dallas, for appellee.

MARTIN, Justice.

Appellants, C. P. Ragsdale, A. F. Conover and K. T. Bailey, individually and doing business under the trade name of Anchor Electric Company, while installing new electrical fixtures in one of the drug stores of Skillern & Sons, Inc., erected a scaffold above one end of a soda fountain in the store. Although there were several vacant seats not located under appellants' scaffold, Mrs. C. L. Lindsey, wife of appellee, C. L. Lindsey, crossed an electric extension cord

The first phase to be considered is whether the mere existence of the scaffold over one end of the soda fountain in itself placed the appellee's wife in a position of peril when she crossed the barricade and seated herself thereunder. In this connection, it is observed that an agent of appellants was hanging a 40-pound light fixture while standing on the scaffold above appellee's wife and such agent was also using several heavy tools. This specific conduct may have resulted in appellee's wife being in a position of peril, but the mere existence of the scaffold in itself was not sufficient to place appellee's wife in a position of peril. Further, no injury accrued to appellee's wife by the agent's installation of the 40-pound

fixture or by his use of the heavy tools while working on the scaffold. Nor did the scaffold in itself cause any harm to appellee's wife by the mere existence of the same above the soda fountain. But, if either the workman's handling of the heavy light fixture or the use of the heavy tools while appellants' agent was on the scaffold, or even the position of the scaffold itself, were instrumental in placing appellee's wife in a position of peril, the evidence is undisputed that appellants' agent had left the scaffold and had asked the appellee's wife to move from beneath the scaffold before it fell. Therefore, it is inescapable that in so far as the handling of the heavy light fixture and tools on the scaffold above Mrs. Lindsey is in issue, she was not placed in a position of peril resulting in damage to her. Also, if it be conceded that Mrs. Lindsey was placed in a position of peril, then appellants in asking her to move from beneath the scaffold had made use of all means at their command to avert injury to her.

**■** Further, once the light fixture had been hung and the agent had removed himself and all equipment from the scaffold, the appellee's wife was not in a position of peril merely by sitting under the scaffold itself. "The impending peril or danger must have been actual, immediate, impending, manifest, or certain, although not necessarily altogether certain." 65 C.J.S., Negligence, § 137c, p. 765; Fort Worth & D. C. Ry. Co. v. Capehart, Tex.Civ.App., 210 S.W.2d 839, 842. There was no evidence in this particular situation sustaining the issues of discovered peril under the elements required by the ruling in Baker v. Shafter, Tex.Com.App., 231 S.W. 349; Turner v. Texas Co., 138 Tex. 380, 159 S. W.2d 112, syl. 15, 16.

**■** This brings the cause to what may be designated as the second phase of the issue above stated. Since the mere existence of the scaffold above the soda fountain was not sufficient in itself to place the appellee's wife in a position of peril and thereby invoke the doctrine of discovered peril, the record will be examined as to the only other possible contention that might

be made under the doctrine of discovered peril. Did the actual falling of the scaffold place appellee's wife in a position of peril and were the three requirements of discovered peril existent in such situation?

**■** It will be conceded, for the purpose of discussion of the above issue, that the falling scaffold was sufficient to place the appellee's wife in an exposed position of peril. But with the assumption of the first element of discovered peril, the evidence wholly fails to establish the second element of discovered peril, to wit: actual discovery by appellants' agents of her perilous situation in time to have averted, by the use of all means at their command, commensurate with their own safety, injury to her. The only evidence of probative force on this issue is that of the appellants' agent who stated that he saw the scaffold beginning to fall but did not have time to avert injury to appellee's wife. Further, the evidence is clear under this phase of discovered peril that there was no requirement under such doctrine for appellants' agent to run under the scaffold and break the fall of the same by his own hands or body. In fact, the evidence of the appellee, if accepted as to the 1,000 pound weight of the scaffold itself, as well as other elements, establishes that any move by appellants' agent to avert injury to Mrs. Lindsey from the falling scaffold would not have been commensurate with his own safety. "The doctrine of discovered peril or last clear chance means certainly that the last clear chance must be a clear one." Schuhmacher Co. v. Posey, 147 Tex. 392, 215 S.W.2d 880, 882.

In examining the above issues it is noted that appellee states in his brief that the evidence reveals that appellants' agent's helper "was present and might have had hold of the other end of the board." An examination of the statement of facts as cited, reveals that appellants' agent was testifying as follows: "Now, whether the helper had hold of the board on the other end or not—" At this point the attorney for appellee interrupted the testimony and prevented the completion of this sentence. However, on the next page appellants' agent testified that he did not know what Mr.

Castle, his helper, was doing. The record as cited furnishes no evidence that either appellants' agent or the helper of such agent had anything to do with the falling scaffold or that they could have prevented injury to appellee's wife after discovering the same falling. No issue was submitted as to the third element of discovered peril inquiring as to whether appellants, after discovering Mrs. Lindsey's peril, failed to exercise ordinary care in the use of the means at hand to prevent injury to her. Appellants' points 1 and 2 should be sustained because the evidence in the record does not establish the required elements of discovered peril. Baker v. Shafter, supra; Parks v. Airline Motor Coaches, 145 Tex. 44, 193 S.W.2d 967.

Appellants' 3rd and 4th points of error are next discussed but only in so far as they deal with the issue of the ability and failure of appellee's wife to extricate herself from her perilous condition. Appellants by their 3rd point assert that the principle of extrication should have been embodied in the issues on discovered peril, and by their 4th point assert the finding of the jury under Issue 31A entitled them to judgment under the principle of extrication. Appellee in answer to appellants' contention states, "As a matter of fact this very issue was submitted as No. 31A and the court was justified in assuming that this met or cured the objection." Issue No. 31A and the jury's answer thereto are as follows:

"Do you find from a preponderance of the evidence that plaintiff's wife was or should have been able to extricate herself from the position of peril and danger, if you have so found that she was in a position of peril or danger, by the exercise of ordinary care? Answer: Yes."

In Sisti v. Thompson, Tex., 229 S.W.2d 610, 614, is found the following statement: "In other words, the defendant has a right to rely upon the fact that the plaintiff will take such steps as are necessary to extricate himself from the perilous position in which he is situated. The text writers are in agreement on this proposition." But, going beyond this quotation in the same case we find the rule as set forth in those cases dealing with extrication contains this further proposition: "As a consequence, the defendant is liable only when he realizes, or has reason to realize, the inattentiveness of the plaintiff and the position which he occupies."

Under the rules above stated, let us now examine the facts in the cause. The evidence clearly establishes that appellee's wife by the exercise of ordinary care would have been able to extricate herself from a position of peril, if she was in a position of peril. It must also be noted that both appellants' agents asked the appellee's wife to move from under the scaffold; likewise, an employee of Skillern & Son, Inc., asked Mrs. Lindsey to move from under the scaffold. Upon such evidence the jury found under issue No. 31A that Mrs. Lindsey could have by the use of ordinary care removed herself from the position of peril. The jury further found under special issue No. 35 that Mrs. Lindsey was "warned of some danger after she sat down at the soda fountain where she did sit and before the accident in question." Mrs. Lindsey could not have been inattentive to her position under such jury findings. These jury findings clarify the fact issues necessary to apply the principle of extrication in this cause. Mrs. Lindsey must first have been inattentive before appellants' agents could have realized or had any reason to realize such "inattentiveness" of Mrs. Lindsey and the position which she occupied. "It is essential that the defendant must also realize, or have reason to realize, that the plaintiff is inattentive and therefore is in peril." Sisti v. Thompson, supra. Better practice dictates that the theory of extrication should be submitted under the rules outlined by the authorities but certainly no recovery should be permitted under the jury findings herein outlined involving the principle of extrication. Sisti v. Thompson, supra; Beatty v. Thompson, Tex.Civ.App., 176 S.W.2d 795; St. Louis, Southwestern Ry. Co. of Texas v. United Transports, Inc., Tex.Civ.App., 232 S.W.2d 241.

The jury found under issue No. 40 that Mrs. Lindsey failed to use ordinary care for her safety in failing to sit on a stool not under the scaffold. Under this

finding and the jury findings above discussed, this cause is clearly placed within the rule: "Thus there can be no recovery by one who has placed himself or his property in a position of peril, if, being aware of the danger, he fails to extricate himself or his property when, by the exercise of ordinary care, he could have done so." Sisti v. Thompson, supra, syl. 7.

■ Appellants' third point of error also correctly points out the failure of the trial court to submit the third element of the doctrine of discovered peril. The trial court did not present an issue to the jury as to whether appellants' agents failed to exercise ordinary care in the use of the means at hand to prevent injury to Mrs. Lindsey. Appellant's third point should be sustained on this issue also and will result in a reversal of the cause. Turner v. Texas Co., supra, syl. 15, 16; Martin v. Texas & N. O. R. Co., Tex.Civ.App., 236 S.W.2d 567; Beatty v. Thompson, supra.

The above rulings bring the cause to appellants' 5th point of error but Point 6 is now disposed of as a ruling thereunder renders unnecessary a detailed discussion of appellants' 5th point as set forth hereinafter. Special Issue No. 46 and the answer of the jury thereto are as follows:

"Do you find from a preponderance of the evidence that Mrs. C. L. Lindsey assumed the risk of any danger, if any, by sitting in the seat where she was at the time said plank fell? Answer: Yes."

■ Appellants assert by their 6th point of error that under the above finding the trial court erred in overruling their motion for judgment. Appellee's reply to this contention is that assumption of risk in this case is nothing more than contributory negligence. If appellee's contention is correct that there is no distinction between contributory negligence and assumed risk in the cause then the findings favorable to appellee under the issues of discovered peril, if such theory were adequately submitted, would eliminate the finding of assumed risk in like manner that such findings eliminate the issues of contributory negligence. But, a finding of assumed risk is not the same as a finding of contributory negligence despite the similarity of the issues.

"Nevertheless, the doctrine of assumed or incurred risk and the doctrine of contributory negligence are distinct doctrines of law, and are not synonymous. * * * that contributory negligence arises out of a tort, while assumption of risk arises out of an implied contract or the principle of the maxim, Volenti non fit injuria; that the essence of contributory negligence is carelessness, while the essence of assumption of risk is venturousness; that assumed risk implies intentional exposure to a known danger, which may or may not be true of contributory negligence; and that assumption of risk embraces a mental state of willingness, while contributory negligence is a matter of conduct." 65 C.J.S., Negligence, § 117, p. 710.

The above distinction is cited in recognition of the fact that Schiller v. Rice, Tex., 246 S.W.2d 607, cited by appellants, does not involve the theory of discovered peril and the further issue as to whether a finding of discovered peril would eliminate the issue of assumed risk in like manner that such finding eliminates the issue of contributory negligence. The issue of assumed risk is not the same as the issue of contributory negligence and would not be eliminated as a defense by a finding of discovered peril.

Under the principle expressed in Schiller v. Rice, supra, the appellee cannot recover judgment in this case. In addition to the finding of assumed risk under issue No. 46 quoted hereinabove, the jury found under issue No. 5 that Mrs. Lindsey was warned of some danger after she sat down at the place at the soda fountain and that her failure to heed such warning was the proximate cause of her injury. This finding of the jury is supported by the great preponderance of the evidence in that such evidence reveals that warnings were given Mrs. Lindsey by both agents of the appellants as well as by an agent of Skillern & Son, Inc. To permit appellee to cross a barrier and enter a position of danger and there remain after warnings and requests to move from such position, all as established by the find-

ings of the jury, would be to make appellants virtual insurers of the appellee and permit her to recover damages in utter disregard of her own wilful conduct. Such a recovery is not permitted under the sound rule expressed in Schiller v. Rice, supra. Appellants' 6th point is sustained.

■ It is believed that appellants' 7th point is well taken, in that the trial court permitted appellee to read into evidence abandoned pleadings on the part of Skillern & Son, Inc., which placed before the jury such defendant's allegations that the "acts and omissions on the part of its co-defendants (appellants) were the sole proximate cause of the occurrence and injuries, if any, sustained by plaintiff's wife." The sustaining of appellants' 7th point results in a reversal of the cause.

■ Appellants' 5th point of error likewise is sustained. This point asserts that the trial court erred in permitting appellee to file a trial amendment setting up discovered peril at the close of all testimony in the cause. An examination of the cause reveals that appellants raised many issues of contributory negligence. These issues resulted in numerous jury findings that appellee's wife was guilty of contributory negligence. The effect of permitting a trial amendment pleading of discovered peril after the completion of all the testimony was to raise an issue which would, upon favorable finding thereon, completely refute appellants' entire defense as to contributory negligence and of necessity alter the entire aspect of the cause of action. Under the issues of this cause, it was error to permit the filing of the trial amendment as to discovered peril and the same should have been stricken. This error requires a reversal of the cause under appellants' 5th point of error.

The principles of discovered peril should not be loosely applied to every case as a mere "catch-all" to eliminate the issue of contributory negligence and to place liability on the defendant in every cause but such principles should be applied only in the spirit expressed in Texas & N. O. R. Co. v. Grace, 144 Tex. 71, 188 S.W.2d 378, 380, as follows: "The dereliction of which the

findings convict them is an act of inhumanity which should never be imputed in the absence of competent evidence warranting an inference of guilt." Terry v. English, 130 Tex. 632, 112 S.W.2d 446.

Other points of error raised by appellants, in view of the rulings herein, are not material to this decision. Under the many findings of contributory negligence, appellee correctly concedes in his brief that if this cause cannot be sustained on the theory of discovered peril that no liability can attach to appellants. The issues as submitted on discovered peril were not complete nor does the evidence in the cause support such theory. Further, the jury issues support a judgment for appellants under the principles of extrication and assumed risk, and the court erred in denying appellants' motion for judgment on the jury findings in the cause.

The judgment of the trial court is reversed. The case has been fully developed and judgment is rendered for the appellants.