TEXAS EMPLOYERS' INS. ASS'N

v.

DILLINGHAM.

No. 15453.

Court of Civil Appeals of Texas.

Fort Worth.

Oct. 30, 1953.

Rehearing Denied Dec. 11, 1953.

Burford, Ryburn, Hincks & Ford and Clarence A. Guittard, Dallas, Nelson, Montgomery, Robertson & Sellers and Lee Sellers, Wichita Falls, on the brief, for appellant.

Peery, Wilson & Spell and Kearby Peery, Wichita Falls, for appellee.

MASSEY, Chief Justice.

From a judgment for the plaintiff employee for total and permanent disability benefits under the Texas Workmen's Compensation Act, Vernon's Ann.Civ.St. art. 8306 et seq., the defendant insurer appeals.

Judgment reversed and the cause remanded.

Reed Dillingham sustained injuries while working as an employee in the State of Oklahoma in 1935. Under the first award of the Industrial Commission of that state he drew compensation on account of the 1935 injury until 1942, when, upon a hearing before the Commission, he was awarded compensation benefits based upon the finding that he was totally and permanently disabled as a result of the 1935 injury. In 1948 Reed Dillingham sustained injuries while working as an employee in the State of Louisiana, as result of which he received compensation benefits under the laws of that state for the total loss of use of an index finger of his left hand. In August of 1951, while an employee of the L. H. Holliday Pipe & Supply Company in Wichita County, Texas, Dillingham sustained injuries alleged to have occurred while he was in the scope and course of his employment, and which resulted in total and permanent disability. The Workmen's Compensation insurer of L. H. Holliday Pipe & Supply Company at the time of the alleged injury was the Texas Employers' In-

surance Association. Suit was brought by Dillingham in District Court of Wichita County, Texas, upon the 1951 injury by way of an appeal from the Industrial Accident Board of Texas, and the insurer, defendant in said suit, contested the claim by general denial, allegation that said plaintiff's disability from the 1951 injury, if any, was temporary rather than permanent and partial rather than total, and that in the event the plaintiff suffers any present disability such is due wholly or in part to the result of prior compensable injuries sustained by him. Alternatively and as to the cause of the present disability, if any, defendant alleged that such was the result of disease unassociated with the injury claimed, or a combination of disease and injury not associated with the injury claimed.

During the course of the trial, and at the stage where the plaintiff was introducing his opening evidence, he offered proof showing that prior to the time of his injury in 1951 he was suffering from arthritis, showing further that the arthritis was not disabling at time of the injury, but was aggravated and excited by the injury, so that it progressed and developed and had become such that as of the time of the trial the arthritis from which he was suffering was sufficient in itself to occasion the total and permanent disability from which he was suffering. The defendant insurer objected to all the testimony in any way relating to arthritis, as not being within the pleadings, and was given a running exception to all of such testimony.

After the evidence was closed, but before the preparation of the court's charge to the jury, the plaintiff offered a trial amendment, by which amendment he alleged that a preexisting arthritic condition suffered by him prior to the time of the 1951 injury was caused by the injury to flare up and become active, which was a producing cause of his disability. The defendant objected to the reception of the trial amendment, and when it was received by the court over its objection moved for leave to withdraw its announcement of ready. Coupled with such motion it asked for a continuance of

the case, rather than for a postponement. The motion was denied.

The case was submitted to the jury, and by the verdict all findings submitted by the special issues were resolved against the defendant and in behalf of the plaintiff, and a judgment for total and permanent disability was entered. From this judgment the Texas Employers' Insurance Association, defendant in the trial court, brings the appeal.

At the inception of the trial, the extent of the pleadings of appellee, as plaintiff in the trial court, relating to the nature and extent of his injuries, and the result thereof, were as follows:

"The Plaintiff was shoving and lifting on a four-inch joint of pipe approximately thirty feet long when he placed an unusual strain on the lower part of his back which impaired the ligaments, tendons, and muscles of Plaintiff's back, which pain and muscle impairment made the Plaintiff sick of his stomach, and that shortly thereafter the Plaintiff was taken to a hospital for extended treatment, but that such treatment was of little or no benefit to the Plaintiff because the muscles, tendons, and one or more of the intervertebral discs in his back were ruptured to such an extent that he has been unable to do any type of labor involving lifting, bending, or straining and hence, he has been unable to do the work of an ordinary laboring man, and hence, the Plaintiff has been totally disabled within the meaning of the Texas Workman's Compensation Act."

After all the evidence upon the trial was in and both sides had rested, but before submission of the court's charge to the jury, the appellant moved the court to strike from the record all evidence with regard to arthritis in the plaintiff's body and its effects upon the plaintiff and to instruct the jury not to consider such evidence for any purpose, for the reason that such evidence was completely outside the scope of the

plaintiff's pleadings and came as a surprise to the defendant.

At this stage the appellee offered, and the court received as a trial amendment to the original pleadings, the following added allegations:

"That the injuries to the Plaintiff's back and other injuries sustained as alleged in his original petition and in the amendments thereto aggravated or excited an arthritic condition in the Plaintiff's back and other portions of his body caused the same to flare up and become active, which was a producing cause of Plaintiff's disability."

Upon allowance of the amendment, appellant moved for leave to withdraw its announcement of ready and for a continuance. Its motion was overruled. Appellant has assigned several points of error, all predicated upon this series of events, coupled with the introduction, over appellant's objection, of the evidence relating to appellee's arthritis.

The charge to the jury defined the term "producing cause" as that cause, which, in a natural and continuous sequence, produces the disability, if any, inquired about, and without which the disability, if any, would not have occurred. The jury was asked, by way of special issue, if it found from a preponderance of the evidence that the injury the appellee sustained on August 4, 1951, was a producing cause of the total disability he sustained. To such question the jury answered "Yes." It is noted that the term "producing cause" was used in the pleadings of the appellee only in the trial amendment filed after testimony was closed.

It is to be remembered that the appellant was given a bill of exceptions to all testimony in anywise relating to arthritis or arthritic conditions on the part of the appellee. Such bill necessarily included testimony relating to disability resulting from arthritis, and necessarily included testimony connecting arthritis to the injury alleged by the appellee to have been the cause of his disability.

Appellee contends that appellant waived its right to complain because of its conduct relative to testimony concerning arthritis. After proof by appellee of a preexisting arthritic condition, its aggravation or reactivation by the injury, and of disability occasioned thereby, the appellant did proceed to examine the matter in its cross-examination of appellee's witnesses and in its direct interrogation of its own witnesses. This was done, however, without any broadening of the basis of appellee's prior inquiry thereon, and appellant never proved by its own witnesses that there was any aggravation or reactivation of the preexisting arthritic condition of appellee attributable to the alleged injury, or that any disability was occasioned as result thereof. Indeed, as to materiality the proof developed by the appellant on the matter merely met and rebutted the testimony admitted on the proposition over its objection. This the appellant had a perfect right to do, and it did not waive its exception to the introduction of objectionable testimony by cross-examining its opponent's witnesses upon the matter within the limits of which they had already testified, Cathey v. Missouri, K. & T. R. Co. of Texas, 1911, 104 Tex. 39, 133 S.W. 417; Dallas Ry. & Terminal Co. v. Bailey, 1952, Tex.Sup., 250 S.W.2d 379; and it did not waive its exception to the introduction of objectionable testimony by offering by its own witnesses rebutting proof of the facts about which testimony had been admitted over its objection from the witnesses of its opponent. Valley Ready-Mix Concrete Co. of McAllen v. Valley State Bank, 1950, Tex.Civ.App. San Antonio, 227 S.W.2d 231. If the appellant's objection to the testimony was good, as it contends, then it was still a valid and subsisting objection to the end of all the testimony. There was no pleading at time of the introduction of the arthritis testimony on which an issue could be based, and appellant was in position to object to any submission based thereon if it so desired. However, when the trial amendment was allowed over the objection of the appellant, the appellant's right of objection on that ground—that the issue had no support by any pleading—no longer existed.

752

■ Without the allegations in the trial amendment there is indeed some question about whether evidence admissible under the original pleadings made an issue on appellee's disability sufficient to entitle the appellee to get his case submitted to the jury. Had the evidence been sufficient for the issues presented by the original pleadings, and had no trial amendment been filed, the question for this court would be entirely different. In such a case we would have had evidence introduced over objection about the arthritic condition and disability occasioned as result thereof with no attendant issue in the charge. The question then posed as to prejudice because of the admission of such testimony would be under Rule 434, Texas Rules of Civil Procedure, the appellant having the burden of showing that error in its admission amounted to such a denial of its rights as was reasonably calculated to cause and probably did cause the rendition of an improper verdict. The appellant was relieved of any such burden by the allowance of the trial amendment and by the use of its allegations as a premise for the charge given the jury. The question resolves itself to that relating to whether or not an unpleaded premise of recovery may be pleaded as such after the introduction of objectionable evidence objected to—because not pleaded—in proof of circumstances and conditions which would have entitled a plaintiff to a recovery had such, as a premise of recovery, been pleaded prior to the inception of the trial.

■ There is no right on the part of a plaintiff to file a trial amendment alleging new facts which raise new issues after the facts have been proven when the defendant has strenuously objected to receipt in evidence of such facts because not within the pleadings upon which such adversary announced ready for trial, where such defendant has never at any time waived the objection, whenever such facts are relied upon as a premise of recovery by the issues of the plaintiff which are submitted to the jury. And a defendant in such a case must be held to have been prejudiced thereby where from the view as a whole of the verdict of the jury it may not be found

that a plaintiff is entitled to recover on any ground which could not be completely divorced from the ground of recovery pleaded by way of the trial amendment so filed. Under such a circumstance, and that is the condition of the record before us, we must consider that the jury considered such evidence and based its answers to the issues thereon in finding the disability it did find by its verdict.

It is not necessarily the existence of facts which make an issue of fact between parties in litigation, but it is the allegation in pleadings of facts as a ground or basis of relief which make the issue. In the case at hand there is no doubt but what the appellant knew that the appellee had arthritis. The appellant could even have premised its defense to the cause of action originally alleged for Workmen's Compensation benefits upon which he went to trial upon the fact that the appellee had preexisting arthritis and that that condition and not appellee's injury was the cause of his disability. Indeed, findings of arthritis as the cause of disability under such a condition of the pleadings would have required a denial of recovery by the judgment, and even in such a case the allowance of a trial amendment which would allege aggravation of the preexisting arthritic condition—thus becoming a refutation of the defense made, would not be permitted because it would constitute an alteration of appellee's cause of action. Ragsdale v. Lindsey, 1952, Tex.Civ.App., Amarillo, 254 S.W.2d 843, refused n. r. e.

The development of the testimony about the arthritis became highly significant when it developed from the appellee's own witnesses that he had arthritis when he got hurt and that his arthritis was aggravated by the injury he sustained in 1951, and that it progressed and developed so that the arthritis was itself disabling, as it became a basis for appellee's cause of action, and a theory upon which he might be entitled to recover a judgment.

■ A defendant necessarily goes to trial on the theory of recovery posed by the plaintiff's pleading, and is presumed to have prepared a defense accordingly. He may

not be compelled to defend against a theory of recovery as to which he has no prior notice.

Rule 66, T. R. C. P., Trial Amendment, provides that "If evidence is objected to at the trial on the ground that it is not within the issues made by the pleading, * * * the court may allow the pleadings to be amended and shall do so freely when the presentation of the merits of the action will be subserved thereby and the objecting party fails to satisfy the court that the allowance of such amendment would prejudice him in maintaining his action or defense upon the merits. * * * " In the case at hand there was no trial amendment taken up at the point the objection was raised. All the evidence was introduced before there was an amendment.

Without necessity of consideration of whether the Supreme Court, in its adoption of Rule 66, T. R. C. P., relating to allowance of trial amendments, ever contemplated the reception of a trial amendment, after evidence constituting the foundation of a ground of recovery made by the amendment was admitted over objection, it must be borne in mind that all the evidence was already so admitted in the case at hand before the trial amendment was offered. Had the proffered amendment not involved the new issue of aggravation of arthritis by the alleged injury as an additional premise of recovery, or had the conditions been such that its admission did not work an injustice upon the appellant, the trial court, in its sound discretion, perhaps could have admitted the amendment without occasioning any error. However, since the matter alleged by the amendment constituted allegation of new facts premising a new theory of recovery not so premised by original averments of the petition, the trial amendment should not have been allowed in this instance. The facts supporting this new premise were facts appellee either knew or by the exercise of reasonable diligence should have known prior to the trial, when they could have been alleged by him, at his election, as a ground of recovery. This he did not elect to do in his original pleadings. He may not be permitted to sustain a recovery directly or indirectly resulting from the injection of a new ground of recovery into his original case upon which trial was begun where it does not likewise affirmatively appear that the appellant was afforded full opportunity to prepare himself, both upon the law and the facts, to meet all the proof introduced upon such newly alleged ground of recovery. Lightner v. McCord, 1941, Tex.Civ. App., Amarillo, 151 S.W.2d 362; Ragsdale v. Lindsey, supra. This must be the law, for otherwise the appellant would be deprived of its right to present all defenses possible to be presented by way of pleading, evidence and argument for want of reasonable notice. The error stands self-evident, and likewise evident is the fact that such error did prejudice the defensive rights of the appellant, by reason of which the judgment of the trial court must be reversed.

There are additional points of error raised by appellant, some of which relate to its contention that it was deprived of a right of conjunctive submission of issues relating to percentages of contribution to the appellee's disability from other diseases or injuries or combinations thereof alleged by way of its answer and raised by the evidence. Review of the special issues which were submitted, and of the jury's answers thereto, reveals that the question posed by the requested issue was answered by the jury in its verdict, and hence appellant could not have been prejudiced by the refusal of its specially requested issue.

The judgment of the trial court is reversed and the cause remanded for another trial upon material issues made by the pleadings upon which the parties announce ready for trial, and upon such other issues, if any, they try by agreement.