FULLINGIM et al.

v.

DUNAWAY et al.

No. 4934.

Court of Civil Appeals of Texas.

Beaumont.

Feb. 11, 1954.

Rehearing Denied April 28, 1954.

curred on the Silsbee-Spurger highway north of Silsbee in Hardin County.

On September 19, 1951 Carl Dunaway, Irvin West and Boyd Jenkins were riding in Dunaway's car from a point near Silsbee toward Fred. Carl Dunaway was driving. The car collided with a loaded log truck belonging to Fullingim and operated by one Purkey. Shortly before the collision something had gone wrong with the truck and the driver had stopped it on the highway where it was standing at the time of the collision. As a result of the collision Dunaway's car was demolished, Dunaway and West were killed and Boyd Jenkins survived although he suffered some serious injuries. Three separate suits were filed in behalf of Jenkins and the survivors of Dunaway and West. The cases were consolidated and tried as a single suit.

The case was tried to a jury, which found in response to special issues submitted that the appellants, defendants in the trial court, were negligent in leaving the log truck on the highway without a flagman, in failing to have a taillight burning on the rear of the trailer of the truck, and in failing to have the vehicle equipped with a red light visible from a distance of 500 feet from the rear and that each of these acts constituted negligence and was a proximate cause of the collision. The jury also found in its verdict that Dunaway, the driver of the car, was not driving his car at an excessive rate of speed, that he did not fail to keep a proper lookout, that he did not fail to have his vehicle under proper control, and also found that the collision was not the result of an unavoidable accident. On these and other findings of the jury the court rendered judgment in favor of the appellees and against the appellants for $22,800. After their motion for new trial was overruled the appellants have perfected their appeal to this court for review.

The appellants bring their appeal under 10 Points of Error. These points are briefed and discussed by the appellants in groups of related points and we shall so discuss them here.

Orgain, Bell & Tucker, Beaumont, for appellants.

Cecil, Keith & Mehaffey, Beaumont, Grover C. Lowe, Woodville, for appellees.

R. L. MURRAY, Chief Justice.

This is an appeal from a judgment in favor of appellees Virginia Dunaway, et al. against appellants Alf Fullingim, et al. in the district court of Hardin County. The suit was for damages resulting from an automobile-truck collision which oc-

■ Under their Points Nos. 1 and 2 the appellants complain of the action of the trial court in refusing to submit their special requested issues Nos. 17 and 18. Special requested issue No. 17 sought to inquire of the jury whether the vehicle driven by Dunaway had faulty brakes. Special Issue No. 18, predicated upon an affirmative answer to such Issue No. 17, sought to inquire whether the operation of Dunaway's vehicle with such brakes was the sole cause of the accident and collision. The evidence in the case upon which the appellants rely as raising the question of insufficient brakes on the Dunaway car was that of Highway Patrolman O'Quinn. He testified in substance that he went to the scene of the collision shortly after it occurred and examined the demolished car driven by Dunaway. The car, after the collision, had run off the highway toward a graveyard on the right-hand side of the road and the front wheels were stopped in the graveyard; he testified that he examined the vehicle at the scene of the accident, the lights were still burning, the steering gear was pretty good; there was not enough of the windshield left to tell anything about it, and the brake pedal went all the way to the floor. He also testified that in the debris of the car he found a can of brake fluid still in the floor bed. He also testified that there was no evidence, such as skid marks, etc., to show any attempt to stop Dunaway's car before it struck the truck. We consider this testimony as being highly speculative on the question of whether Dunaway's car before the collision was equipped with inadequate brakes. The mere fact that the brake pedal, when depressed, went all the way to the floor of the car after it had received the impact of the terrific collision with this large truck, an impact so forceful that the car was practically demolished, two men killed and the third badly hurt, would not entirely negative the idea that the alignment and operative condition of the brakes were probably caused by the collision itself. However, assuming, for the purpose of this discussion, that the evidence was sufficient to raise the issue of defective brakes, we think no error is shown by the trial court's refusal of these two special requested issues. The court had given in its charge a special issue inquiring whether Dunaway failed to have his vehicle under proper control immediately prior to the collision. The jury by its verdict found that he did not so fail. We think that this issue on proper control of the car included the question of whether Dunaway's car was equipped with improper brakes and therefore the court did not err in refusing the requested issues. This is the holding in the case of Schuhmacher v. Holcomb, Tex.Civ.App., 174 S.W.2d 637 by the Supreme Court.

Likewise by its Points 9 and 10 the appellants complain of the trial court's refusal to submit special requested issues Nos. 14 and 15 which sought to inquire whether Carl Dunaway was unable to bring his car to a stop within the range of vision of his lights and in event of an affirmative answer to that issue whether such failure was the sole cause of the accident. We think the matters sought to be inquired about under these special issues were also submitted by the court in its charge in the special issue which inquired whether Dunaway failed to have his car under proper control. This was expressly so held in the case of North East Texas Motor Lines v. Hodges, 138 Tex. 280, 158 S.W.2d 487, 489, opinion adopted by the Supreme Court. In that case the issues involved and the wording thereof were almost identical with those of the instant case. In the opinion the following holding was made:

"We believe that Special Issue 15–G, given at the request of petitioner, 'Do you find from a preponderance of the evidence that on the occasion in question, J. L. Hodges failed to have his truck under proper control?' included the subject matter of refused requested issue No. 7 as to whether Hodges was operating the truck at such a rate of speed as that he could not stop it within his range of vision, and included the inquiry in refused requested issue No. 12 as to whether he failed to reduce the speed of his truck upon meeting an ap-

proaching automobile that had blinding lights. If he was operating his truck at such speed that he could not stop it within his vision range, if he failed to reduce its speed upon meeting the blinding lights of an approaching automobile, manifestly he was failing to have his truck under proper control. The issue given and the two refused related alike to the manner in which Hodges operated his truck immediately before he collided with petitioner's truck, that is, his conduct after he met the car with the blinding headlights, this last circumstance being pleaded by both sides, fully developed in the testimony and therefore presumably well understood by the jury. The several inquiries under consideration were merely various phases and different shades of meaning of one ultimate defensive fact issue, that is, lack of proper control of his truck by Hodges. Having given such issue once in the form of Special Issue No. 15–G, above, quoted, the trial court properly refused to repeat it twice in other language as carried in requested issues 7 and 12. It follows, as a matter of course, that he was likewise correct in refusing the ancillary issues of negligence and contributing proximate causation tendered in connection with said requested issues 7 and 12."

■ By their Point No. 8 the appellants complain of the action of the trial court and say that they were refused the right of cross-examination of the plaintiff Boyd Jenkins on the trial. We have examined the statement of facts relating to the matters complained of by appellants, and we are unable to find therein or in the brief of the appellants any ruling by the trial court which deprived them of the right of cross-examination of Boyd Jenkins. On the trial Dr. McGraw testified at some length as to the examination he made of Boyd Jenkins, the one survivor of the collision. An objection was made that all of his testimony was immaterial and the court sustained some of the objections with the remark that "there has been no evidence

the man the doctor examined was in the car that collided with the truck." The doctor was then excused from the witness stand temporarily and Boyd Jenkins was called to the stand and testified briefly that his name was Boyd Jenkins, and that he was in an accident on September 19, 1951 on the Fred road, involving a truck that belonged to Alf Fullingim and hurt his head. The witness was then excused and left the witness stand and remained in the courtroom. Then Dr. McGraw was recalled to the stand and at that time counsel for the appellants stated "We want to object to this—we were not allowed to cross examine the man." The statement of facts shows no ruling by the court, no request by counsel for the appellants to recall Jenkins for cross-examination, but simply shows a series of questions to the doctor and his answers to them. The contention that they were denied the right to cross-examine the witness is not supported by the record and this point is overruled.

Under this point the appellants seem to contend that had they called Jenkins again to the stand it would have been under the adverse party rule and not under cross-examination and they were thus deprived of a valuable right. We do not view the incident in that light, since we believe that counsel for the appellants might have called him for cross-examination at any time he desired during the remainder of the trial until he announced he had rested.

■ Under their Points Nos. 3, 4, and 5 the appellants complain of the trial court's action in refusing to allow them to file a trial amendment and to submit certain requested special issues pertaining to the facts set out in such trial amendment. After the close of all the evidence in the case and prior to the submission of the charge to the jury the appellants submitted to the court a motion for leave to file the following trial amendment:

"Trial Amendment

"Come now the defendants, Alf Fullingim and Delbert Purkey, and file this their first trial amendment, prior to the submis-

sion of the charge to the jury, and plead the following:

. "1.

"That as the said Carl Dunaway approached the location of defendants' log truck on the highway, a transport truck approaching from the other direction, and facing the said Carl Dunaway, suddenly turned on his lights, and that the act of said driver of said transport truck, in turning on his lights, as the said Carl Dunaway approached said log truck, impaired the vision of the said Carl Dunaway by said lights being turned on directly in front of him, and that same was the sole cause of the accident in question."

The witness Nolan Ellis, who was the first witness called by the appellants on the trial of the case, testified that he was driving an oil truck near the scene of the collision, proceeding in an opposite direction to that traveled by the Dunaway car, that he saw the Dunaway car about three-quarters of a mile back up the highway, at which time he was at the bottom of the hill and the Dunaway car was coming over the crest of the hill toward him. He testified that it was not dark but late in the afternoon and that he did not have his lights on. When he first saw the Dunaway car it was straddled of the black line, the further he came the more he got on the left-hand side of the road. Ellis pulled his truck completely in the bar ditch on his right-hand side of the road in an effort to keep from being hit by the Dunaway car. When the Dunaway car got near the truck he pulled to the right and struck the truck which was stopped on the highway. When he pulled in to the bar ditch he flashed his lights on. Based on the above testimony the appellants contend that a jury would be authorized to find from it that Dunaway in all probability actually saw the truck which was broken down, that the reflectors and lights had served their purpose and that he was attempting to go to the left of the truck and suddenly he was confronted with the flashing lights of an approaching truck and then concluded that it would be dangerous to go around the truck on the left side and attempted to pull back to the right of it,

and in doing so collided with the rear of the truck. They argue that such facts would support a finding by the jury that the sudden flashing of the lights by Ellis' truck suddenly discovered by Dunaway constituted an entirely different and independent agent which caused the wreck, rather than some action or failure on the part of themselves. They cite and rely upon Vermillion v. Haynes, 147 Tex. 359, 215 S.W.2d 605, and Williams v. Creighton, Tex.Civ.App., 93 S.W.2d 195. In their contention that the refusal by the trial court to allow the trial amendment to be filed was an abuse of the trial court's discretion and to cause a reversal of the judgment. The case of Vermillion v. Haynes, supra, contains a valuable discussion of the provisions of Rule 66, Texas Rules of Civil Procedure, and its application. The opinion points out that all of the cases involving trial amendments were decided under and on peculiar facts and that their effect is that the matter of permitting a trial amendment to be filed is addressed to the sound discretion of the trial court and its order will not be disturbed unless it clearly appears that he abused his discretion.

The appellees counter with a two-fold argument in opposition to the contention of the appellants. They say first that the witness Ellis was the first witness called by the appellants and that his testimony in regard to flashing of the lights at a time when the Dunaway car was approaching close upon the truck was known to them throughout the trial; that the appellants did nothing about a trial amendment until after the evidence was closed; that the attempt by this pleading was an effort by the appellants to place the blame for the collision entirely upon an act of a person who was not a party to the lawsuit; that great injustice would have been done them had the appellants been permitted to adopt a new theory of the case upon evidence which was available to them before the trial began, but was not available to them, the appellees. They say that had the amendment been allowed the appellees could not have made Ellis or his employer defendants in the suit and the finding that the accident was due solely to

the act of Ellis in turning on his lights would be leaving them empty-handed and faced with the necessity of suing Ellis and his employer. They say they were surprised by the evidence and apparently the appellants were too, and that if the appellees had known that Ellis would testify as he did they would have made both him and his employer parties defendant. They, therefore, say the trial court did not abuse his discretion in refusing to allow the trial amendment. Their second argument is that even if the amendment had been permitted the two special issues based thereon should not have been given since the matters sought to be inquired about therein were submitted in the court's charge in the issue in regard to unavoidable accident. They say that what the appellants sought to inject into the suit by the matters set up in the trial amendment was a new and independent cause, and that a new and independent cause has been held to be included in the charge on unavoidable accident. We think this latter position of the appellees is supported by the holdings in Williams v. Rodocker, Tex.Civ.App., 84 S.W.2d 556, and Brandon v. Schroeder, Tex.Civ.App., 149 S.W.2d 140. We agree with the appellees' view of this matter on both counts. The trial court did not abuse his discretion in refusing the trial amendment under the circumstances outlined above, as the question of new and independent cause, or sole proximate cause, was submitted in the court's charge under unavoidable accident. The actions of Ellis in flashing his lights at the time and in the manner he did might have been negligence and a proximate cause of the collision, acting with the acts of negligence found against these appellants, and still the appellants would not have been relieved of their liability. In the state of the record at the time the trial amendment was offered, the pleading was available to them as a defense, and it so stated, only under the theory of new and independent cause. It would have been subject to all of the criticism and objections made by the appellees, to their injury and damage.

We find no error in this record requiring reversal and the judgment of the trial court is affirmed.