**BURROUGHS CORPORATION,
Appellant,**

v.

**FARMERS DAIRIES, Appellee.**

**No. 6459.**

Court of Civil Appeals of Texas,
El Paso.

June 16, 1976.

Rehearing Denied July 28, 1976.

Kemp, Smith, White, Duncan & Hammond, William J. Derrick, Larry C. Wood, El Paso, for appellant.

Scott, Hulse, Marshall & Feuille, Charles R. Jones, Myron D. Brown, El Paso, for appellee.

## OPINION

STEPHEN F. PRESLAR, Chief Justice.

This is a fraudulent representation suit instituted by Appellee, Farmers Dairies, as plaintiff against Burroughs Corporation as defendant. Trial before a jury resulted in a judgment against Burroughs for $16,141.19 damages.

The issue on appeal involves discretion to allow a trial amendment at the end of the evidence. We reverse the judgment of the trial Court and remand for another trial.

Speaking of the parties as they appeared in the trial Court, plaintiff first leased, in 1968, and then purchased, in 1969, an automated accounting system from the defendant. Plaintiff is required to file monthly a report known as the Federal Milk Marketing Report, and this controversy centers around the representation that the equipment purchased would automatically produce that report. In 1972, plaintiff brought this suit for rescission of the contract and return of the purchase price in excess of $34,000.00. At the close of all the evidence, the plaintiff was permitted to file a trial amendment seeking damages, and the case was submitted to the jury on that basis rather than on the theory of rescission. The jury found that there had been misrepresentation which induced the plaintiff to install the system and found the damages for pecuniary loss were $16,141.19.

The trial Court abused its discretion in allowing plaintiff to file the trial amendment. Rule 66, Tex.R.Civ.P., provides:

"If evidence is objected to at the trial on the ground that it is not within the issues made by the pleading, * * * the court may allow the pleadings to be amended and shall do so freely when the presentation of the merits of the action will be subserved thereby and the objecting party fails to satisfy the court that the allowance of such amendment would prejudice him in maintaining his action or defense upon the merits."

The record in this case discloses that the allowance of the amendment, the change of the theory of recovery, resulted in prejudice to the defendant "in maintaining his action or defense."

It is recognized that the rule is a salutary one and should be liberally construed; and that an amendment should be allowed even after close of the evidence if it merely places in the written record pleadings of issues not previously raised by the pleadings but in fact tried by express or implied consent. See 2 McDonald, Texas Civil Practice § 8.07 at 333 (rev. ed. 1970). But our concern here is that there was a complete change of the theory of recovery after all of the evidence was in. The trial amendment for damages made the case a new law suit requiring a new and different defense.

An action for damages is ordinarily based on the continued existence of the transaction, whereas an action for rescission is based on its abrogation. A party who is injured by fraud may elect to accept the situation and recover his damages, or he may repudiate the transaction and seek restoration of the status quo in an action to rescind. But it is held that he cannot do both under the doctrine of election of remedies. *Andrews v. Powell*, 242 S.W.2d 656 (Tex.Civ.App.—Texarkana 1951); *Albin v. Isotron Corporation*, 421 S.W.2d 739 (Tex. Civ.App.—Texarkana 1967, writ ref'd n. r. e.); *Blum v. Elkins*, 369 S.W.2d 810 (Tex. Civ.App.—Waco 1963). Plaintiff filed this suit seeking to rescind the contract and recover its purchase price. It was on file for three years and was then tried for three days, and at the conclusion of all of the evidence, the amendment was sought and allowed. The statement of facts consists of

some 580 pages of evidence on the rescission theory; there is nothing about this evidence that would characterize it as being for damages rather than for rescission. Thus, there is no justification for the amendment to meet an issue tried by consent; rather, this was a new law suit.

It is held that a trial amendment ordinarily should be denied when sought after the evidence for both parties has been fully offered and when it would change the theory of the trial. 2 McDonald, Texas Civil Practice § 8.07, supra; *Fullingim v. Dunaway,* 267 S.W.2d 483 (Tex.Civ.App.—Beaumont 1954); *Texas Employers' Ins. Ass'n v. Dillingham,* 262 S.W.2d 748 (Tex.Civ.App.—Fort Worth 1953, writ ref'd n. r. e.); *Traveler's Ins. Co. v. Hobbs,* 222 S.W.2d 168 (Tex.Civ.App.—San Antonio 1949); *Boynton v. Smith,* 110 S.W.2d 640 (Tex.Civ.App.—Beaumont 1937, writ dism'd); *Tuck v. Tuck,* 509 S.W.2d 656 (Tex.Civ.App.—Austin 1974, writ ref'd n. r. e.). And, see *Westinghouse Electric Corp. v. Pierce,* 153 Tex. 527, 271 S.W.2d 422 (1954), wherein Chief Justice Calvert said:

"  *  *  * The defendants had a right to assume that the case as made by the pleadings and testimony was the case and the only case they were called upon to defend and to prepare their defense accordingly. (Citing authorities).  *  *"

■ Plaintiff/Appellee urges that the defendant has not laid the proper foundation to complain of abuse of discretion in admission of the amendment because it did not request that it be allowed to reopen to present other evidence, withdraw its announcement of ready, or file a motion for continuance. In some situations, such a requirement would be justified and there are cases so holding, but this is not such a case. Here, for three years the defendant has prepared to defend a contention that the contract should be rescinded; that case was tried—all the evidence was submitted; defendant was then met with the opposite contention that plaintiff would stand on the contract and seek its damages under it. We cannot assume that the defendant

would have at hand the necessary testimony to reopen and proceed to defend this new law suit. Hence, there is no justification in saying that it must request to reopen to preserve its error. Rule 66 does not require it. Under it, defendant had the burden of convincing the trial Court that the filing of the trial amendment was prejudicial to it. As indicated from our discussion of the case, we think it met that burden. Also, there is another consideration, as Judge Calvert said in the *Westinghouse Electric Corporation* case, supra:

"To require the trial court to permit amendments such as the one filed in this case would disrupt orderly procedure and lead to frequent interruptions and interminable delay in concluding expensive jury trials.  *  *  *"

For the error of permitting the amendment, the judgment must be reversed. Under this disposition of the case, there is no purpose in discussing the other assignments of error.

The judgment is reversed and the cause remanded for another trial.

WARD, Justice (dissenting).

I respectfully dissent. The majority is reversing this case where neither the error, if any, has been preserved nor has harm been shown to have been done to the Appellant. Under Rule 66, Tex.R.Civ.P., the Appellant failed to satisfy the trial Court that the allowance of the trial amendment would prejudice it in maintaining its defense upon the merits. Because of that failure under the terms of that Rule, the trial Court permitted the amendment, or at least this should be the presumption on this appeal. The record reflects from the judgment that the parties announced ready for trial on December 9, 1974; that the trial amendment was presented and "argued to the Court on Wednesday, December 11, 1974," after an objection had been made by the Appellant to its filing. The terms of the objection are not shown. There was then no motion made by the Appellant to withdraw its announcement of ready with a request for continuance, nor was there then

any request to reopen the evidence. The record has not been protected. 2 McDonald, Texas Civil Practice § 8.07 at 334 (rev. ed. 1970).

Complaint is made in the motion for new trial, where it is stated that the Appellant was harmed because if it had been apprised that the Appellee was seeking damages as opposed to rescission, "Defendant would have developed evidence during the trial to negate damages and would have cross examined Plaintiff's witnesses on the question of damages." This conclusion without proof shows nothing, particularly in the face of one argument made by Appellant under its point that since no evidence of damages was ever offered by the Appellee, Appellant did not desire to reopen as that would have given Appellee an opportunity to prove its damages. At most, the Appellant contends that it did not desire to offer any further proof but that it might have cross examined Appellee's witnesses differently. It has not shown in what manner. I fail to see how the filing of the trial amendment under this record has amounted to such a denial of the rights of Appellant as was reasonably calculated to cause, and probably did cause, an improper judgment which requires a reversal and a remand. Rule 434, Tex.R.Civ.P. The burden of showing harm has been misplaced on this point.

## ON MOTION FOR REHEARING

STEPHEN F. PRESLAR, Chief Justice.

By its motion for rehearing, Plaintiff/Appellee continues to urge that the Defendant has not laid the proper foundation to complain of abuse of discretion in the allowance of the trial amendment. It begins its argument by saying: "No objections to the allowance of the Trial Amendment are in the record." The transcript and Appellee's own pleadings and the Court's findings are to the contrary. In the very trial amendment here complained of, Plaintiff/Appellee pled: " * * * with leave of Court first had and obtained, and after the Court's having heard the objections of defense counsel, which are of record manifest, prior to the Court's granting leave to file, files this the Plaintiff's First Trial Amendment * *." In its fiat allowing such amendment, the Court says: "The foregoing Trial Amendment having been duly presented and argued to the Court Wednesday, December 11, 1974, and the Court having heard the arguments of the attorneys for both parties, and it is the ORDER, JUDGMENT and DECREE of this Court that leave be and the same is hereby in all things granted to the Plaintiff to file the foregoing Trial Amendment in this cause."

Thus, Defendant met its burden of objecting to the amendment, which was, under Rule 66, Tex.R.Civ.P., to " * * * satisfy the court that the allowance of such amendment would prejudice him in maintaining his * * * defense upon the merits." Appellee urges that we must presume the trial Court was correct in the absence of some reasons given by Appellant in opposition to the amendment. We do not so read Rule 66 as requiring some specific words to be used or the pleading of some required formal reasons. Rather, the burden there, as stated, is to satisfy the Court. It is the record in this case that should have satisfied the Court, and not any special words or reasons given.

It was not what Appellant said in objecting to the amendment, but what the record shows that presents the error. That record is, speaking of the parties as they appeared in the trial Court, that the Plaintiff alleged and tried to completion a case for rescission of a contract on the basis that there was fraud in the inducement of entering into the contract. At the completion of the case, it was met with a motion for a directed verdict, which was good. There was no pleading or evidence of an offer to return the merchandise; there was no pleading or evidence of an offer to pay for the value of any benefits from its possession. This was fatal to the case for rescission. In fact, the proof was that the suit was filed in September of 1972, and the equipment obtained under the contract was used until April of 1973 by the Plaintiff; the equipment was used for over five years. In an exchange

between counsel and the Court out of the presence of the jury, it was established that sometime in May of 1973, after the equipment had been replaced by IBM equipment and long after the suit was filed, counsel for Plaintiff told counsel for Defendant in a telephone conversation that they could come and get it. But there are no pleadings or evidence as to that belated offer. Thus, the record is that the Plaintiff went to Court and tried its case, which had been on file for three years with known fatal flaws in its pleadings, and when met with a directed verdict pointing out those flaws, it sought the amendment in question asking that a different cause of action be submitted to the jury. In deciding whether to permit the amendment or not, the equities clearly appear to lie with the Defendant.

The Defendant did nothing to bring about this situation. It did nothing but defend against the case pled against it— and successfully. Before the jury, it opposed a contention that the contract should be rescinded. It would be prejudicial to then have to assume a contrary position before the same jury, and that without prior notice. Notice is fundamental to justice, and our rules and laws make every provision for it. Prior to having to defend against this new lawsuit, there should have been notice in ample time to make preparation for it. Otherwise, the rights of the Defendant have been prejudiced. On the other hand, the Plaintiff is responsible for the state of its pleadings. It shows no diligence or excuse for its failure to have its pleadings in order. Plaintiff sought to rescind on the basis of fraud in the inducement of a contract entered into in 1968; it delayed until after trial in 1975 to present the amendment causing this controversy.

This was not a trial amendment to meet an objection that evidence, or special issues in the charge, are not supported by the pleadings. But even if it were, the amendment should not have been allowed. The factors which affect the exercise of the judge's discretion on such matters are discussed in McDonald, Texas Civil Practice, Vol. 2, Sec. 807, page 330, wherein the author quotes from *Lightner v. McCord,* 151 S.W.2d 362 (Tex.Civ.App.—Amarillo 1941):

" 'In the matter of allowing amendments . . . pending the trial in order to meet the proof, the trial judge should allow the amendment if it appears that the new matter contained in it was not known to the party seeking to file the same or, by the exercise of reasonable diligence, he could not have ascertained the same when his former pleadings were filed, and that it does not involve new issues or inject into the case new matters which would interfere with the orderly progress of the court's docket or work injustice upon other parties. . . . However, . . . when it appears that the new matter was known to the party seeking to file the amendment, or to his counsel, or, by exercising reasonable diligence, it could have been known . . . at such time as would have enabled them to include it in his former pleadings, or if it injects new matter . . . the request should be denied.' "

Additional authority for that statement is *Texas Employers' Ins. Ass'n v. Dillingham,* 262 S.W.2d 748 (Tex.Civ.App.—Fort Worth 1953, writ ref'd n. r. e.); *Moore v. Dallas Post Card Co.,* 215 S.W.2d 398 (Tex.Civ.App. —Dallas 1948, writ ref'd n. r. e.), and *James A. Dick Co. v. Yanez,* 55 S.W.2d 600 (Tex. Civ.App.—El Paso 1932, writ ref'd).

We can understand the reluctance of the trial Court not to continue, but to try this case to completion, which has been on its docket for three years. But, we remain convinced that the trial judge abused his discretion in allowing the amendment. The motion for rehearing is overruled.

WARD, J., dissents.