TEXAS GENERAL INDEMNITY
COMPANY, Appellant,

v.

James F. BOMER, Appellee.

No. A2128.

Court of Civil Appeals of Texas,
Houston (14th Dist.).

Sept. 19, 1979.

Charles H. Homer, III, L, Giles Rusk, Werner & Rusk, Houston, for appellant.

Michael Y. Saunders, Helm, Pletcher, Hogan & Burrow, Houston, for appellee.

Before J. CURTISS BROWN, C. J., and MILLER and PAUL PRESSLER, JJ.

MILLER, Justice.

In this worker's compensation case appellant Insurance Co. urges: (1) error by the trial court in permitting a trial amendment alleging good cause for dilatory filing of appellee's worker's compensation claim; (2) there was insufficient evidence for the jury to conclude that good cause existed for such late filing; also insufficient evidence the accident in the course of appellee's employment was the producing cause of appellee's

disability; and insufficient evidence that appellee is permanently disabled as a result.

For convenience, we will refer to the parties as they existed in the trial court after realignment.

In general, the facts are uncontroverted. On August 6, 1974, plaintiff, James F. Bomer, a truck driver employed by Chemical Express Carriers, Inc., was injured when his truck and trailer jack-knifed on Interstate 10 during a rainstorm. He suffered a head injury and his left hand was broken. He was taken to the hospital, treated, and released. On August 26, plaintiff returned to work, but on this day he suffered the first of a series of attacks of dizziness. He has not worked since. Then on October 8 Bomer was hospitalized; later on October 15 he was released without being given a specific cause of his problems.

On March 3, 1975, he was readmitted to the Veterans Administration Hospital where it was determined that the cause of dizziness was a spinal cervical bony spur that compressed the vertebral artery and interrupted the flow of blood when the plaintiff turned his head.

During this hospitalization, on or about March 19, plaintiff filed his notice of claim with the Texas Industrial Accident Board.

On June 13, the spur was reduced surgically, and for a time the dizziness abated, but soon thereafter returned.

In his original pleadings plaintiff alleged timely notice—i. e. within six months—to the Industrial Accident Board. Defendant in its answer specifically denied that timely notice had been filed. There this matter rested until trial.

At the trial, prior to submission of evidence, the trial judge granted plaintiff permission to file a supplemental pleading which alleged good cause for failure to file a timely notice of his claim. The record fails to reveal that defendant objected to this motion, pled surprise, or asked for a continuance at that time. The first objection came in defendant's objection to the court's charge to the jury.

In assigning their point of error to the court's granting leave to file the trial amendment defendant relies on *Texas Employers' Ins. Ass'n v. Dillingham*, 262 S.W.2d 748 (Tex.Civ.App.—Fort Worth 1953, writ ref'd n. r. e.) and *Burroughs Corp. v. Farmers Dairies*, 538 S.W.2d 809 (Tex.Civ.App.—El Paso 1976, writ ref'd n. r. e.). However, neither of those cases are on point. In each, the trial amendment was offered at the conclusion of the testimony and changed the theory of the suit. Here the defendant raised the issue, no claim of surprise or request for continuance was made, and the amended petition was filed prior to the taking of any evidence. Allowance of trial amendments is within the sound discretion of the trial court. No abuse of such discretion is shown here. Tex.R.Civ.P. 63 and 66; *Alcazar v. Southwestern Bell Telephone Company*, 353 S.W.2d 933 (Tex.Civ.App.—Austin 1962, no writ); *State v. Beever Farms, Inc.*, 549 S.W.2d 223 (Tex.Civ.App.—San Antonio 1977, writ ref'd n. r. e.).

Defendant additionally urges as points of error that no evidence or insufficient evidence was presented for the jury to find that good cause existed for the late filing of the notice to the Industrial Accident Board and that such finding was against the great weight and preponderance of the evidence. The test for determining good cause has been laid down by the Texas Supreme Court as ". . . whether the claimant prosecuted his claim with that degree of diligence that an ordinarily prudent person would have exercised under the same or similar circumstances." *Hawkins v. Safety Casualty Co.*, 146 Tex. 381, 207 S.W.2d 370, 372.

There is evidence that plaintiff had been informed by his doctor that he was recovering, and that his suffering was unrelated to his injury. Plaintiff further testified that he was mentally confused prior to the filing of his claim with the Industrial Accident Board.

We conclude that there was sufficient evidence to support the jury's finding that plaintiff exercised the necessary dili-

gence in filing his claim, and that good cause existed for late filing. *Liberty Mut. Ins. Co. v. Stanley*, 534 S.W.2d 191 (Tex.Civ. App.—Texarkana 1973, writ ref'd n. r. e.). *Harkey v. Texas Employers' Ins. Ass'n*, 146 Tex. 504, 208 S.W.2d 919 (1948).

 As further points of error, defendant asserts that no evidence and insufficient evidence were adduced to support the jury's finding that plaintiff's injury was a producing cause of any total incapacity, and that such finding was against the great weight and preponderance of the evidence. This court must therefore weigh all of the evidence, including that supporting and contrary to the verdict. *In re King's Estate*, 150 Tex. 662, 244 S.W.2d 660 (1951).

The jury had testimony before it that on plaintiff's first day at work following the accident he suffered a dizzy spell, that the onset of this disability occurred within a reasonably short time after the accident, and that it was medically possible that the trauma of the accident could cause the symptoms complained of.

 Sufficient evidence was presented to support the jury's finding that the injury in question was a producing cause of the incapacity and such finding was not so against the great weight and preponderance of the evidence as to be manifestly unjust. *Texas Employers' Ins. Ass'n v. Stephenson*, 496 S.W.2d 184 (Tex.Civ.App.—Amarillo 1973, no writ).

Finally, the defendant asserts as error the jury's finding that plaintiff's disability is permanent, on the basis of no evidence, insufficient evidence, or that such finding is so against the great weight and preponderance of the evidence as to be manifestly unjust.

At the trial, plaintiff's wife, Norma Bomer, testified that currently the plaintiff "is a man that wants to work and cannot work". Plaintiff testified that he did not feel any better at the time of the trial than he did immediately after surgery, that he still suffered dizzy spells and that he can never return to truck driving. Thomas A. Bomer, plaintiff's stepson, testified to the same effect. "Proof of duration and extent of a disability resulting from injury is, like the assessment of damages in a personal injury action, at best an estimate which must be determined by a jury from all the pertinent facts before it". *Texas Employers' Ins. Ass'n v. Washington*, 437 S.W.2d 340, 346 (Tex.Civ.App.—Dallas 1969, writ ref'd n. r. e.) and cases cited therein.

 There was evidence from which the jury could reasonably conclude that plaintiff's incapacity is permanent. *Texas Employers' Ins. Ass'n v. Washington, supra; Hartford Accident & Indemnity Co. v. Williams*, 516 S.W.2d 425 (Tex.Civ.App.—Amarillo 1974, writ ref'd n. r. e.).

Defendant's points of error are overruled and the judgment of the trial court is affirmed.

Affirmed.