TEXAS & PACIFIC RAILWAY COMPANY v. M. J. BARRON.

No. 3198.

78  421
91  359

**1. Expressions of Bodily Pain.**—On trial of an action for damages for bodily injury suffered by plaintiff in a railroad wreck it was competent to prove the declarations of the plaintiff, made at the place and soon after the wreck, indicating bodily pain and suffering. The rule is well established allowing declarations expressive of the bodily or mental feelings when an issue. 1 Greenl. Ev., sec. 102.

**2. Same.**—Such testimony is competent without much regard to the time made after the act complained of as causing the injury.

**3. Unprecedented Rainfall.**—Where a railroad wreck is sought to be excused when caused by the embankment giving way to a flood of water by showing that the flood resulted from an unusual rainfall, it is for the jury to settle the matter in view of all the evidence, and to determine whether the railway was so constructed as, in the light of known and ascertainable facts, it ought to have been.

**4. Newly Discovered Testimony.**—A witness testified to declarations made at the wreck by the general manager of the railway reprimanding an employe, the section foreman, for not going over the track in the morning before the wreck occurred. In a motion for new trial it was shown that the general manager would deny said testimony. It also was shown that the manager was out of the State, so that after knowing of the materiality of his testimony it could not be obtained. *Held*, that a new trial should have been granted and its refusal is ground for reversal.

APPEAL from Kaufman. Tried below before Hon. Anson Rainey.

The original petition filed by Barron November 18, 1889, charged that he was a passenger for hire on the appellant's train on June 30, 1889, for the purpose of being transported from Terrell, Texas, to Wills Point, Texas, and that through the careless, negligent, and reckless running of appellant's cars by its agents, and the negligent and dangerous condition of its road bed, the car upon which appellee was a passenger was wrecked, and appellee was hurled against the sides of the car and the seats therein, thereby sustaining serious bodily injuries, involving both the epigastric and hypogastric regions and the spermatic cord, causing him great physical pain and mental anguish and rendering him unable to perform his usual labor or to undergo any exercise, and permanently impairing his health, to his damage $2000.

The appellant filed its first amended answer November 29, 1889, setting up (1) general demurrer, (2) general denial, and (3) a special plea that the train mentioned by plaintiff was being run and operated in a proper manner by careful and experienced servants, and the accident was caused by an extraordinary and unprecedented rainfall, against which it could not guard.

Verdict and judgment for plaintiff for $800.

The defendant appealed.

*R. S. Lovett*, for appellant.— 1. Declarations by one claiming to have been injured in the wreck of a railway train respecting the extent and character of his injuries, made after the wreck and some fifteen minutes

after the injuries, if any, were inflicted, are mere narrative and no part of the *res gestæ,* and are inadmissible. Railway v. Crowder, 70 Texas, 226.

2. A railroad company is required to so construct its road bed and track as to avoid such dangers as could be reasonably foreseen by competent and skillful engineers might be occasioned by the ordinary rainfalls and freshets incidents to the particular section of the country through which it is constructed. But it is not required to provide against such extraordinary floods or other inevitable casualties caused by some hidden force of nature unknown to common experience, and which could not have been reasonably anticipated by the ordinary engineering skill and experience required in the prudent construction of such railway. Railway v. Halloren, 53 Texas, 46; Hutch. on Car., sec. 525.

3. The court erred in overruling defendant's motion for a new trial, based upon the ground of surprise, which it was shown was caused by the testimony of plaintiff's witness R. L. Warren, which rendered necessary to its defense the testimony of defendant's general manager, John A. Grant, who was absent from the State during the trial, and whose affidavit, showing the nature and materiality of his testimony, was filed with said motion.

*Wm. H. Allen,* for appellee.— 1. The statement made to Rufus Russell, being made at the time of the wreck and upon appellee's first meeting with him, was expressive of appellee's condition and feelings at the time, and was therefore admissible and proper evidence. Railway v. Shafer, 54 Texas, 641; Rogers v. Crain, 30 Texas, 284; Newman v. Dodson, 61 Texas, 91; McGowan v. McGowan, 52 Texas, 657; Railway v. Crowder, 70 Texas, 226; 1 Greenl. on Ev., secs. 102, 108.

2. Whether the statement made by the witness Russell was admissible is immaterial, as the fact of appellee's injury and its extent was abundantly proven by other competent evidence. Pridgen v. Hill, 12 Texas, 374; Morris v. Runnels, 12 Texas, 175; Willis v. Chambers, 8 Texas, 150.

3. The high degree of care required of a railway company pertains not only to the construction of its road bed and appliances, but also to the repair and frequent and careful examination of the same, and the careful and skillful running and management of its trains, so as to discover defects and thus avoid accidents; and where the company is negligent in any of these particulars, and by reason of such negligence a passenger is injured, it is liable in damages; and in this case the jury might not only infer negligence in the construction of the road bed by its giving way under an ordinary rain, but were warranted also in finding actual negligence in not having the road bed examined, and in the servants in charge of said train continuing to run their train at full speed after knowledge of the rain, and in failing to notice or heed the actual warning given them of the particular washout that caused the wreck. Railway v. Smith,

74 Texas, 278; Railway v. Halloren, 53 Texas, 46; Railway v. McElyea, 71 Texas, 391; Railway v. Roy, 12 Otto, 451; 2 Redf. on Rys., 225.

4.   The court properly overruled the motion for a new trial based upon the newly discovered evidence of Jno. A. Grant, because said evidence, if introduced, could not have changed the result of the trial, since neither the motion nor the affidavit attached pretends to state that the section boss did examine the track; and if he did not examine it, then the fact that he was promptly reprimanded by a superior officer for this neglect of duty would tend rather to the benefit than to the injury of appellee. Railway v. Devainy, 63 Texas, 172; Allyn & Co. v. Willis & Bro., 65 Texas, 75; Frizzell v. Johnson, 30 Texas, 36.

STAYTON, CHIEF JUSTICE.—Appellee claims to have been injured while a passenger in a wreck on appellant's railway, alleged to have been caused by its negligence.

The evidence was conflicting upon the question whether appellee was injured in the wreck, and it is claimed that a new trial should have been granted on the ground that there was no sufficient evidence that appellee was injured at all in the wreck, but there was ample evidence on this point to sustain the verdict.

A witness was permitted to testify:   " I was a passenger on the Texas & Pacific Railway train which was wrecked east of Elmo, June 30, 1889, and was in the ladies car.   After the wreck we got the passengers out of the cars, some ladies among the number.   After we had gotten all the passengers out of the cars I saw the plaintiff, who seemed to be very much excited.   He was very pale.   I asked him if he was hurt and he said, 'I do not know.'   He placed his hands on his stomach or bowels and said, 'I feel very strange; I do not feel right in here; I am afraid I am hurt.' How long it was after the wreck when this occurred I do not know.   We had gotten all the lady passengers out; it was perhaps fifteen minutes; I can not tell exactly the time that had elapsed since the wreck, but it was about ten, fifteen, or twenty minutes."

It is urged that this evidence should have been excluded.   Other evidence tended to show that the conversation occurred soon after appellee succeeded in extricating himself from the wrecked train, and that the injuries afterwards found to exist were such as would not likely be realized at once after the act that caused them.

The evidence was material, and especially so in view of the fact that it was contended on part of appellant, with some evidence looking in that direction, that the claim of injury caused by the wreck was an afterthought if not based entirely on feigned symptoms.

" Whenever the bodily or mental feelings of an individual are material to be proved, the usual expressions of such feelings made at the time in question are also original evidence.   If they were the natural language of

the affection, whether of body or mind, they furnish satisfactory evidence and often the only proof of its existence. And whether they were real or feigned is for the jury to determine. * * * So also the representations by a *sick person* of the nature, symptoms, and effects of the *malady* under which he is laboring at the time are received as original evidence. If made to a medical attendant they are of greater weight as evidence, but if made to any other person they are not on that account rejected." 1 Greenl., 102.

This rule is well established. Bacon v. Charlton, 7 Cush., 586; Railway v. Shafer, 54 Texas, 648.

We think the evidence was properly admitted, and that the time that may have elapsed between the injury and the declaration is not of much importance in an inquiry of this character.

The question was, What was his feeling at the time of speaking? Whether that was some time after the accident or not might affect the weight to be given to the evidence as tending to establish that he was injured in the wreck, but would not affect its admissibility.

The case of Railway v. Crowder, 70 Texas, 226, is cited as an authority against the admission of such evidence, but it has no bearing on the question; for in that case the declaration went to show how the injured person was wounded—what he was doing at the time and what caused him to be injured. The difference between the two classes of declarations is well established.

Appellant claims that the court should have granted a new trial because the evidence showed that the break in the track which caused the wreck resulted from an unprecedented rainfall; and further on account of newly discovered testimony.

That the track was broken by the flow of water against the embankment on which the track was is fully shown, but the evidence is as greatly conflicting as well could be as to whether the rainfall was unusual, and it was for the jury to settle the question in view of all the evidence, and to determine whether the railway was so constructed as, in the light of known or ascertainable facts, it ought to have been.

On the trial a witness stated that he heard the general manager of the road, who was on the train at the time of the wreck, reprimand the section foreman for not going over the track on the morning before the wreck occurred.

One ground on which a new trial was asked was as follows:

"Defendant was surprised by the testimony of plaintiff's witness R. L. Warren, who testified to the effect that shortly after said wreck occurred, and while upon the scene, he heard defendant's general manager, Jno. A. Grant, reprimand defendant's section foreman for failing to inspect said track on the morning of that day before said wreck occurred; that defendant did not anticipate such testimony, and was not prepared

to meet or disprove the same; that defendant's said general manager left this State shortly before the commencement of this suit, and was out of the State at the time of the trial thereof, and his testimony could not possibly be had to refute such statement on the trial of this case; that the affidavit of said Grant denying the statement, and to the effect that instead of reprimanding said section foreman, he was informed that he had inspected said track on said morning, is hereto attached and marked Exhibit A and made a part of this motion, and if a new trial is granted defendant expects to produce the testimony of said Grant to the effect stated in said affidavit." This was duly verified by affidavit.

The affidavit referred to in the motion for a new trial, attached thereto, is as follows:

" *State of Texas, County of Dallas.*—Before me, the undersigned authority, this day personally appeared Jno. A. Grant, who, after being by me duly sworn, says on oath that he is and has been for a long time, and was on the 30th day of June, 1889, the general manager of the Texas & Pacific Railway, and performing the duties usual to such position; that on the 30th day of June, 1889, he was on the passenger train passing over said railway which was wrecked east of Elmo, and upon which train W. J. Barron claims to have been a passenger; that it is not true that affiant reprimanded the section foreman of said railway upon which said wreck occurred for not going over the track and inspecting the same on the morning of said wreck; that affiant did not converse with and has no recollection of speaking to said section foreman at all upon the day said wreck occurred; that after said wreck occurred affiant was told by the road master that said section foreman and his men had been over the road at that place on the morning before the wreck occurred, and that said road master said he had obtained such information by inquiry of said section men; that having the information aforesaid, affiant had no occasion to and did not reprimand said section foreman in that regard. Affiant further says that he left Dallas en route to New York on the 12th day of November, 1889, before the institution of this suit, and did not return to the State until the 3rd day of December, 1889, and was beyond the limits of this State and had no knowledge of the institution and pendency of this suit until after the trial thereof."

The condition of the track and proper exercise of care by the appellant were vital issues in the case, and the evidence of the witness Warren tended to show an admission by the general manager of the road that one of the persons charged with its constant inspection and the keeping of that part of the road in good order had been so negligent as to call for reprimand from his superior.

The effect which such evidence would probably have is readily seen, and if appellant brought itself within the rules which authorize the grant-

ing of a new trial on account of newly discovered evidence it should have been granted.

The materiality of the newly discovered evidence is manifest, and there is a reasonable probability that it might change the result on another trial; it came to the knowledge of appellant after the trial, and from its nature, if true, could not have been obtained on the trial by the exercise of a reasonable degree of diligence, and it is not cumulative. We think the new trial should have been granted (Watts v. Johnson, 4 Texas, 319; Railway v. Forsyth, 49 Texas, 178; Wolf v. Mahan, 57 Texas, 171), and for the failure of the court to do so on the ground last noticed, its judgment will be reversed and the cause remanded.

*Reversed and remanded.*

Delivered November 18, 1890.

Motion for rehearing was refused.