W. A. PARHAM et al., Appellants,

v.

Russell GRACE, Appellee.

No. 16147.

Court of Civil Appeals of Texas.

Fort Worth.

Nov. 18, 1960.

Rehearing Denied Dec. 16, 1960.

J. Rob Griffin, Fort Worth, for appellants.

Simon & Simon and Sheldon Anisman, Fort Worth, for appellee.

PER CURIAM.

A question presented to us by this appeal upon which our disposition may be made to depend is whether or not in a suit on sworn account under Texas Rules of Civil Procedure, rule 185 a defendant may be heard on his motion for leave to file a trial amendment so as to aver that the claim sued on "is not just or true, in whole or in part", where his pleadings at the time construably actually deny the justness of the entire claim but not by the use of the language of the Rule.

It was the opinion of the trial court that it had no discretion to allow the same and therefore overruled it. What the action amounted to was a refusal to entertain the motion and to rule thereon in the exercise of judicial discretion. The court's conclusion was that since defendant had announced ready and plaintiff had made out his prima facie case by introducing his verified petition in account, the defendant's verified answer was not such as entitled him to introduce evidence denying that the account averred ever existed.

Foregoing discussion upon the matter of whether the defendant was wrongfully denied a right to introduce evidence in controverting plaintiff's case under his existing pleadings, we believe the circumstances present a situation where the desired amendment was of the type which merely would amplify and correct former allegations without altering defendant's theory of defense to plaintiff's prima facie case already made. McDonald, Texas Civil Practice, "Supplemental and Amended Pleadings", sec. 8.06 "Amended Pleadings. A. Right to Amend", sec. 8.07 "(Amended Pleadings) B. Trial Amendment".

Since the trial court was of the opinion that the amendment desired would be essential to the maintenance of any defense, the circumstances presented a situation requiring an entertainment of the motion and exercise of sound judicial discretion in granting or overruling the same, absent

which reversible error becomes apparent. See opinions in Moore v. McKinney, Tex. Civ.App., Dallas 1941, 151 S.W.2d 255; 60 C.J.S., p. 36, Motions and Orders § 38— Determination.

Judgment reversed and cause remanded.