Julia Mae EMMONS et vir, Appellants,

v.

TRAVELERS INSURANCE COMPANY, Appellee.

No. 6379.

Court of Civil Appeals of Texas.

Beaumont.

Sept. 7, 1961.

Law Offices of Rex Houston, Henderson, for appellants.

Garrison, Renfrow, Zeleskey, Cornelius & Rogers Lufkin, for appellee.

STEPHENSON, Justice.

This is an appeal by Julia Mae Emmons and husband, Billy Emmons, from a judgment rendered in favor of The Travelers Insurance Company upon a jury verdict finding the claimant, Julia Mae Emmons, did not sustain an injury under the Workmen's Compensation Law. The jury found in answer to Special Issue No. 1 that claimant did not sustain an injury. This finding is not under attack. Claimant was the only witness who testified that she received an injury, but the testimony of all other witnesses on this point sustained the finding of the jury.

In their first point of error, the appellants contend the trial court erred in permitting appellee to file a trial amendment pleading plaintiff's injury was the result of an assault before the asserted injury made the basis of this suit. Rule 66 of Texas Rules of Civil Procedure provides in part " * * * if during the trial any defect, fault or omission in a pleading, either of form or substance, is called to the attention of the court, the court may allow the pleadings to be amended and shall do so freely when the presentation of the merits

of the action will be subserved thereby and the objecting party fails to satisfy the court that the allowance of such amendment would prejudice him in maintaining his action or defense upon the merits."

Permitting a party to file a trial amendment is within the discretion of the trial court, and unless the complaining party can show an abuse of discretion the action of the trial court must stand. Texas Employers' Ins. Ass'n v. Sanders, Tex. Civ.App., 265 S.W.2d 219, and cases cited. We do not think the court abused its discretion in permitting the filing of the trial amendment.

In addition, appellants did not file and present a motion for continuance based upon the ground of surprise, when the trial amendment was filed. Such motion is essential before the filing of a trial amendment will constitute reversible error. Dirks v. Dirks, Tex.Civ.App., 302 S.W.2d 471, Ref. N.R.E., and cases cited.

In their next points of error the appellants contend the court erred in admitting evidence as to the assault upon plaintiff as alleged in the trial amendment above mentioned. The trial court having properly permitted appellee to file the trial amendment, evidence pertaining thereto was admissible.

Appellants contend it was error for counsel for appellee to make the statement in the presence of the jury that Mrs. Emmons was an interested witness and the jury could wholly disregard her testimony that she was injured and reach a different conclusion. This point is without merit, as the statement made is a correct proposition of law. Pope v. Beauchamp, 110 Tex. 271, 219 S.W. 447. In addition to this, the trial court instructed the jury to disregard this argument of the counsel.

Appellants contend it was error for appellee to have elicited from plaintiff's husband, Billy Emmons, the fact he had

been run off from his job. The trial court sustained an objection to this testimony and instructed the jury to disregard it for all purposes. We feel that this testimony was not so prejudicial that it was not removed from the jury's minds by the instruction of the court.

 Appellants further contend that counsel for appellee erred in their argument to the jury that Billy Emmons was a shiftless, lazy, no good person. No objection was made at the time of such argument by counsel for appellant. During the heat of trial, extravagant and ill-considered statements are often made. The prejudice resulting from such remarks can generally be removed by an admonition to the jury by the presiding judge and we are unwilling to accede to the proposition that juries pay little or no attention to the instruction of trial judges. We do not regard the improper argument made in this case as being beyond correction by means of a proper instruction. Younger Brothers, Inc. v. Myers, 159 Tex. 585, 324 S.W.2d 546.

In their last point, appellants contend the trial court erred in not granting a new trial because of newly discovered evidence. Appellant alleged in her petition that she worked for Western Hatcheries of Center, Inc. The evidence showed that appellant was employed by Eastex Poultry Company and that Eastex Poultry Company was owned by Western Hatcheries of Center, Inc. In fact, the notice of injury and claim for compensation named Eastex Poultry Company as the employer. The record reveals the attorney for appellee stated in the presence of the jury, Travelers Insurance Company had written the Workmen's Compensation Insurance whether she worked for one company or the other. Special Issues Nos. 2–A and 3 asked about Western Hatcheries of Center, Inc. as the employer. Neither of these issues required an answer inasmuch as both were conditional upon an affirmative answer to Special Issue No. 1

which was answered in the negative. A motion for new trial is addressed to the sound discretion of the trial court, and where such application has been refused, the appellate court will not reverse the case unless it appears the trial court abused its discretion. We feel the trial court did not abuse its discretion. No material evidence came to light after the trial. Texas & Pacific Railway Co. v. Barron, 78 Tex. 421, 14 S.W. 698.

The judgment is affirmed.