**CENTURY RENTAL EQUIPMENT, INC.,**
Appellant,

v.

**NEO–FLASHER MANUFACTURING CO.,**
Appellee.

No. 14324.

Court of Civil Appeals of Texas.

Houston.

April 23, 1964.

Rehearing Denied May 28, 1964.

Ellis F. Morris, Houston, for appellant.

Eastham, Meyer & Moore, Gene S. Morris, Houston, for appellee.

COLEMAN, Justice.

This is a suit on a sworn account. Judgment was rendered for the plaintiff on the pleadings. This appeal is based on the contention that the trial court abused his discretion in refusing to grant leave for defendant to file as a trial amendment a sworn answer.

The plaintiff's original petition was filed on December 31, 1962. On January 26, 1963, the defendant filed an unsworn answer consisting of a general denial and prayer that plaintiff take nothing. Plaintiff filed a motion for summary judgment February 8, 1963, pointing out that the defendant had filed only a general denial in answer to his petition. The case was set down for trial as a non-jury case, and was called on July 10, 1963, at which time the plaintiff orally moved for judgment on the pleadings. The defendant then orally moved for "leave of the Court to file a trial amendment denying under oath."

The plaintiff objected and the trial court ascertained that no amendment was prepared in written form. It was developed that the defendant desired to swear to his general denial. The court stated that such a procedure would not be effective. The plaintiff stated to the court that his client had come from California and was ready for trial. The court asked what the suit was about and defendant's counsel stated: "It is a breach of contract. We deny it is an account, or we owe him anything." The court thereupon announced that it would be unjust and an abuse of discretion to permit the sworn denial to be filed "at this late date" and granted the motion for judgment.

Rule 66, Vernon's Ann.Tex.Rules, provides that if during a trial any defect, fault or omission in a pleading, either of form or substance, is called to the attention of the court, the court may allow the pleadings to be amended and shall do so freely when the presentation of the merits of the action will be subserved thereby and the objecting party fails to satisfy the court that the allowance of such amendment would prejudice him in maintaining his action or defense upon the

merits. See Vermillion v. Haynes, 147 Tex. 359, 215 S.W.2d 605.

It is clear here that the defendant has shown no diligence or excuse for his failure to have his pleadings in proper form, especially since the particular defect had been pointed out by the motion for summary judgment.

 It is also true that the plaintiff, who was the objecting party, produced no facts from which the trial court could draw the conclusion that he would be prejudiced in maintaining his action if a proper sworn denial of the justness of the account were permitted to be filed. However, it appears that the pleading which the defendant desired to file was one denying that there was an account and possibly setting up as a defense a breach of contract on the part of the plaintiff. Merely attempting to state the position of the defendant in the trial court points up the difficulty of his position on appeal. The record does not show the trial amendment he desired to file. The plaintiff was not in a position to show prejudice until he was acquainted with the contents of the amendment. If we assume that the trial amendment which the defendant desired to file was the sworn plea required by Rule 93, Texas Rules of Civil Procedure, should we also assume that the plaintiff would have available in this State the necessary books, records and witnesses available in this State to proceed to trial? The rule contemplates that unless the objecting party shows that he will be prejudiced by the trial amendment, it shall be granted. It would have been the better practice for the trial court to have required that the proposed trial amendment be presented in the exact form desired before ruling on the matter in order that the plaintiff might clearly develop the prejudice, if any, which would result from the filing of the trial amendment.

In Galaviz v. Langdeau, Tex.Civ.App., 352 S.W.2d 352, the court states that the trial court does not abuse his discretion by refusing a trial amendment when it is obvious that the party has failed to prepare his case with diligence or has failed to amend his pleadings in order to deprive the opposing party of an opportunity to meet and defend the new matter as presented.

There is authority holding that where the record does not contain a proposed trial amendment and the evidence produced by the objecting party claiming surprise, and where there is nothing in the record to show that the proposed trial amendment was presented to the court, a point of error complaining of the refusal of a trial amendment cannot be reviewed on appeal. Alcazar v. Southwestern Bell Telephone Company, Tex.Civ.App., 353 S.W.2d 933.

Numerous cases may be cited in which the statement is made that while trial amendments should be freely granted, the court is vested with a sound judicial discretion with regard thereto and something more than a request and refusal must appear before it can be said that the trial judge abused his discretion. Lone Star Steel Company v. Owens, Tex.Civ.App., 302 S.W.2d 213, ref., n. r. e. The burden of showing abuse of discretion rests on the complaining party. Emmons v. Travelers Insurance Company, Tex.Civ.App., 349 S.W.2d 282; Shaw v. Tyler Bank and Trust Co., Tex.Civ.App., 285 S.W.2d 782, ref., n. r. e.

In Westinghouse Electric Corporation v. Pierce, 153 Tex. 527, 271 S.W.2d 422, the Supreme Court of Texas held that the trial court did not abuse its discretion in refusing to permit a trial amendment where the record disclosed probable resulting prejudice to the opposite party "in maintaining his action or defense." There the court based its decision largely on the fact that the proffered amendment would alter the factual basis of the suit and require an entire reshaping of the defense on the new facts.

In Dyche v. Simmons, Tex.Civ.App., 264 S.W.2d 208, ref., n. r. e., the court points out:

"It is to be noted that a suit on sworn account presupposes a contract or series

of contracts which is performed by the one party who sues the other thereto for performance in turn of his obligations thereunder Under T.R.C.P. 185 a verified denial other than as provided therein, even including a verified denial that there had been any performance as alleged by a plaintiff, does not overcome a prima facie case made by a plaintiff's petition properly filed thereunder. Glasco v. Frazer, Tex.Civ.App. Dallas, 1949, 225 S.W.2d 633, error dismissed. The same thing would be true under the applicable section of T.R.C.P. 93. Yet, even with the contractual relationship and correctness of the account admitted, sworn allegation to the effect that the defendant would be relieved of obligation for any payment on the contract under certain conditions or contingencies, alleged also to have occurred, also would be a complete answer. 1 Tex.Jur., p. 357, sec. 61."

It appears, therefore, from the record that the trial court might reasonably have considered that appellant had wholly failed to show diligence and, in addition, desired to offer an amendment changing the basis of the suit. From the statement made by appellant's attorney he might have concluded that he desired to plead a defense, independent of the account sued on, of which appellee had no notice. Under the record before us appellant has not demonstrated that the trial court has abused his discretion by refusing to permit a trial amendment.

Rule 185, T.R.C.P., provides that the plaintiff's sworn account shall be prima facie evidence that the account is just and true, that it is due, and that all just and lawful offsets, payments and credits have been allowed unless the defendant shall, before an announcement of ready for trial in said cause, file a written denial, under oath, stat-

ing that such claim is not just or true, in whole or in part, and if in part only, stating the items and particulars which are unjust. The rule provides that if *such* affidavit is filed on the day of the trial, the plaintiff *shall* have the right to a postponement for a reasonable time and that when the defendant fails to file *such* affidavit, *he shall not be permitted to deny the claim, or any item therein.*

When in this case appellant announced ready for trial, he could no longer effectively deny the account and necessarily any defense which he desired to present would have been in the nature of confession and avoidance. It has been held that the trial court should consider a motion to allow a trial amendment and should exercise his judicial discretion in granting or refusing same where the pleadings on file "construably actually deny the justness of the entire claim but not by the use of the language of the Rule." Parham v. Grace, Tex. Civ.App., 341 S.W.2d 503, no writ history; Moore v. McKinney, Tex.Civ.App., 151 S.W.2d 255, no writ history.

The rule specifically provides that unless the sworn denial is filed before announcement of ready for trial, the defendant shall not be permitted to deny the claim, or any item therein. From the specific language used it is evident that a trial amendment, even if permitted, would be ineffective. The cases cited above are not controlling since in this case the pleading on file does not deny the justness of the entire claim. While the trial court might permit a party to withdraw his announcement of ready for trial in order to permit him, in the interest of justice, to file a sworn denial, no such motion was presented in this case.

The judgment of the trial court is affirmed.