David **TUCK** et ux., Appellants,

v.

Richard **TUCK**, Appellee.

No. 12093.

Court of Civil Appeals of Texas,
Austin.

May 8, 1974.

Rehearing Denied May 29, 1974.

Henry Taylor, Jr., Taylor, Taylor & Gauntt, Temple, for appellants.

Rodger M. Zimmerman, San Marcos, for appellee.

SHANNON, Justice.

Appellee, Richard Tuck, filed suit against his brother and sister-in-law, David and Lenda Tuck, appellants, to cancel a written agreement to pay them $52,000. Upon trial to a jury, the district court of Bell County entered judgment cancelling the agreement. We will affirm that judgment.

Appellee pleaded that appellants agreed orally to lend him $20,982.53 to open and operate a beauty school in San Marcos. Appellee alleged further that until that sum had been repaid, the operation of the school, the lease of the building in which the school operated, and the license to operate the school were to stand in the name of appellant, David Tuck. Upon payment, the license, the lease, and all assets of the

operation were to become the property of appellee. Appellee commenced the beauty school operation and began payment of the obligation to appellants.

Appellee pleaded that, thereafter, appellants by threats and duress compelled him to enter into a written agreement to pay them $52,000 instead of $20,982.53. Appellee averred further that he had paid the sum of $20,982.53, but that appellant refused to transfer the license and the lease to appellee. In response, appellants filed a general denial.

The case was submitted to the jury on special issues and the jury answered that appellants and appellee had entered into the oral agreement. Under the agreement, appellee was to pay appellants $20,982.53, and the jury answered further that appellee had paid that sum to appellants. The jury answered further that appellee entered into the written agreement of June 8, 1970, by reason of duress exerted upon him by appellant, David Tuck, and that the written agreement was not supported by consideration.

The refusal of the court to permit the filing of a proposed trial amendment and to submit certain requested special issues is appellants' complaint on appeal.

The case proceeded to trial on February 26, 1973, and the testimony was completed and the parties rested before noon on February 27. At that time, the court recessed the jury until after lunch and requested the respective attorneys to supply him with their requested special issues. Appellants tendered only one requested special issue which the court subsequently recast as one of the definitions in the charge.

During the noon recess the court prepared the charge, and then submitted it to counsel for their examination. It was at that time that appellants' counsel tendered five more special issues requesting that they be included in the charge. In connection with the tardy tender of the requested special issues, the court stated to appellants' counsel, "I am really curious, counsel, as to why you were reluctant to offer these to me so that they could be included in the main charge. Was it because you would like a little time or are we just playing games or why did not not want me to have an opportunity to include these in the main charge at the time it was drawn?"

The response of appellants' counsel to the court's inquiry was, in effect, that it was not incumbent upon appellants to tender their requested special issues until such time as the court had prepared the charge and submitted it to the attorneys for examination.

The scope of inquiry encompassed by the tendered special issues was broad, including an issue asking whether the oral agreement was "merged" with the written agreement. Other requested special issues made inquiry whether appellee had "ratified" the written agreement, and whether appellee had failed to "promptly rescind" the written agreement, and whether such failure constituted a "waiver" of appellee's right to rescind. Another requested issue asked whether appellant David Tuck was to receive ten percent of the net profit of the operation of the beauty school. We are not called upon to pass upon the form or suitability of the requested issues.

Counsel for appellee objected to the tender of the requested special issues for the reason, in part, that there was no pleading to support their submission. In response, counsel for appellants stated, "If the Court so chooses, we would at this time request, under the auspices of Rule 66 of the Texas Rules of Civil Procedure, to file a trial amendment to make the pleadings conform to the issues which are to be submitted." The court refused the trial amendment so proposed.

Tex.R.Civ.P. 66 provides:

"If evidence is objected to at the trial on the ground that it is not within the issues made by the pleading, or if during the trial any defect, fault or omission in

a pleading, either of form or substance, is called to the attention of the court, the court may allow the pleadings to be amended and shall do so freely when the presentation of the merits of the action will be subserved thereby and the objecting party fails to satisfy the court that the allowance of such amendment would prejudice him in maintaining his action or defense upon the merits. The court may grant a postponement to enable the objecting party to meet such evidence."

■■ The matter of granting leave to file a trial amendment is addressed to the sound discretion of the trial court, and the court's order thereon will not be set aside in the absence of a clear showing that the court abused its discretion. Patino v. Texas Employers Insurance Association, 491 S.W.2d 754 (Tex.Civ.App.1973, writ ref'd n. r. e.). It is not an abuse of discretion to deny leave to file an amendment which would change the factual basis of the lawsuit and probably prejudice the opposite party in maintaining his action or defense. Westinghouse Electric Corp. v. Pierce, 153 Tex. 527, 271 S.W.2d 422 (1954).

■■ Appellants' trial pleading consisted of a general denial. Except in proceedings not here involved, a party is not entitled to an affirmative submission of any issue in his behalf where such issue is raised only by a general denial and not by an affirmative written pleading. Tex.R.Civ.P. 279. By reason of Rule 279, and in the absence of a trial amendment, appellants were not entitled to the submission of their requested issues.

It is clear that appellants showed no diligence or excuse for their failure to have their pleadings in order. In fact, counsel for appellants claimed, almost to the last, that no additional pleadings were necessary to support the submission of the requested issues.

The statement of facts does not show that counsel for appellants made known to the court the contents of the proprosed trial amendment. Likewise, the transcript does not contain the proposed trial amendment.[1] Under the circumstances, appellee was hardly in a position to show prejudice under Rule 66 since he was not acquainted with the exact contents of the amendment. If we assume that the trial amendment which appellants desired to file would encompass all of the requested special issues, should we also assume that appellee would have at hand the necessary testimony to reopen and proceed to meet appellants' newly pleaded defenses? See Century Rental Equipment v. Neo-Flasher Mfg. Co., 378 S.W.2d 957 (Tex.Civ.App. 1964, no writ).

■■ Appellants rely primarily upon the authority of Vermillion v. Haynes, 147 Tex. 359, 215 S.W.2d 605 (1948), and Aubin v. Hunsucker, 481 S.W.2d 952 (Tex.Civ.App. 1972, writ ref'd n. r. e.) for the proposition that the refusal of the court to permit the filing of the trial amendment was an abuse of discretion. We do not regard those cases as controlling in the disposition of this appeal. In both of those cases the trial amendments sought only to assert a defense in law in trials before the court to facts already established, and did not seek to change the factual basis of the lawsuit. Westinghouse Electric Corp. v. Pierce, *supra*. In the instant case, had the court permitted the proposed trial amendment, the appellee, most probably, would have had to reopen and present new evidence, at least with respect to his diligence in seeking to set aside the written agreement.

To require the trial court to permit amendments such as the one proposed would disrupt orderly procedure and lead to interruptions and delay in concluding expensive jury trials. Westinghouse Elec-

1. Under similar facts, there is authority for the proposition that under these circumstances the record shows no error. Century Rental Equipment v. Neo-Flasher Mfg. Co.,

378 S.W.2d 957 (Tex.Civ.App.1964, no writ), American Pozzolan Corporation v. Desert Trucking Co., 450 S.W.2d 433 (Tex.Civ.App. 1970, writ ref'd n. r. e.).

tric Corp. v. Pierce, *supra*. Under the circumstances, we are of the opinion that an abuse of discretion has not been shown.

The judgment is affirmed.