**Joe CORDREY, dba Auto World, Appellant,**

v.

**Jerry ARMSTRONG et ux., Appellees.**

**No. 8006.**

Court of Civil Appeals of Texas, Beaumont.

June 23, 1977.

George Michael Jamail, Beaumont, for appellant.

Jack Fisher, Beaumont, for appellees.

STEPHENSON, Justice.

Jerry Armstrong, et ux, brought this suit against Joe Cordrey, doing business as Auto World, under the Deceptive Trade Practices and Consumer Protection Act. Trial was by jury, and judgment was rendered for plaintiffs on the verdict. The sole question before this court is whether or not plaintiffs can recover attorney's fees in the absence of any other recovery. Apparently this is a question of first impression.

Plaintiffs alleged they purchased an automobile from defendant who represented it had less than 15,000 miles on it when in fact it had been driven between 48,000 to 50,000. Plaintiffs alleged this to be a deceptive trade practice under the Act and that they had been damaged $2,070 actual damages. They prayed for triple damages in the amount of $6,210, $20,000 exemplary damages and a reasonable attorney's fee.

The jury made the following findings:

(1) That plaintiffs agreed to buy the automobile in question from defendant for $7,400.

(2) That the market value of such automobile at the time was $7,500.

(3) That defendant represented the automobile to have less than 40,000 miles.

(4) That plaintiffs relied upon that representation.

(5) That no dollars was the difference in the market value of the automobile as represented and as purchased.

(6) That $1,500 was a reasonable and necessary attorney's fee for plaintiffs' attorney in prosecuting this case.

(7) The representation that the automobile had less than 40,000 miles was false.

(8) Such representation was material to plaintiffs' decision to purchase such automobile.

(9) Such representation was made with the intent to induce plaintiffs to purchase such automobile.

(10) That plaintiffs suffered damage as a result of such representation.

(11) That defendant acted with malice.

(12) That plaintiffs should recover $3,000 exemplary damages.

The judgment of the trial court was for plaintiffs to recover only the $1,500 attorney's fee together with the cost. No statement of facts was filed in this court.

*Tex.Bus. & Comm. Code Ann.* § 17.50(b) (Supp. 1976–1977) of such Act reads as follows:

"In a suit filed under this section, each consumer who prevails may obtain:

(1) three times the amount of actual damages plus court costs and attorneys' fees reasonable in relation to the amount of work expended;

(2) an order enjoining such acts or failure to act;

(3) orders necessary to restore to any party to the suit any money or property, real or personal, which may have been acquired in violation of this subchapter; and

(4) any other relief which the court deems proper, including the appointment of a receiver or the revocation of a license or certificate authorizing a person to engage in business in this state if the judgment has not been satisfied within three months of the date of the final judgment."

It is apparent that the purchaser, proving a deceptive trade practice, has many remedies available against the seller. He can secure an injunction, restoration of money, property, or any other relief which the court deems proper including the appointment of a receiver or revocation of the seller's license to engage in business. He can obtain three times the actual damages, plus attorneys' fees and cost.

In this suit, the plaintiffs did not seek any of the available forms of relief, including restoration, except money damages plus attorney's fees and cost. Under the judgment, they were denied all relief, except attorney's fees and cost.

We have come to the conclusion that a reading of the entire Act indicates a consumer must *prevail* in his suit in order to obtain attorneys' fees and court cost. We hold that consumers-plaintiffs must obtain some other relief in order to be considered as prevailing. If plaintiffs had recovered judgment for actual damages, restoration, or an injunction, then they would have *prevailed* in the trial court and could have obtained their attorney's fees and court cost. A plaintiff may *not* recover only attorney's fees and court cost. The judgment of the trial court is reversed and rendered that plaintiffs take nothing, court cost to be assessed against plaintiffs.

REVERSED and RENDERED.