**Velma M. REIGER, Appellant,**

v.

**Richard DeWYLF, d/b/a Alvin Plumbing and Heating, Appellee.**

**No. 8085.**

Court of Civil Appeals of Texas, Beaumont.

April 13, 1978.

Rehearing Denied May 4, 1978.

Thomas M. Harlan, Alvin, for appellant.

James E. Coate, Alvin, for appellee.

CLAYTON, Justice.

Plaintiff, a licensed plumber, filed suit against defendant seeking damages in quantum meruit for labor done and materials furnished in certain plumbing work in connection with remodeling work to defendant's home. Defendant filed a cross-action seeking damages under the Texas Deceptive Trade Practices Act, *Tex.Bus. & Comm.*

*Code Ann.* § *17.41, et seq.* (Supp.1978). Trial was to a jury which found the reasonable value of the labor and materials furnished by plaintiff to be $1,000, that plaintiff "engaged in unconscionable action . . . in his business dealings with [defendant]", but that defendant sustained no damages as a result thereof. Based upon this verdict, judgment was entered for plaintiff for $700 (the trial court gave defendant credit for $300 which she had previously paid) and attorney's fees in the sum of $1,450, which sum was stipulated by the parties as being the reasonable and proper amount if attorney's fees were legally recoverable, and the damages sought by defendant were denied, from which judgment both parties have appealed.

In defendant's first point complaint is made of error by the trial court in not submitting her requested special issue on damages. The requested issue inquired as to damages sustained by defendant for the unconscionable acts or course of action engaged in by plaintiff, and the issue contained the following:

"You may consider the following:

A. Mental anguish in the past.

B. Mental anguish in the future.

C. Damage to Mrs. Reiger's [defendant's] reputation."

■ Defendant did not allege any elements of damages in her pleadings, and we have carefully reviewed the record and find no evidence of any proof of such elements of damages. Having failed to plead and prove the elements of damages contained in the requested issue, the issue was properly refused. This point is overruled. See *Johnson v. Karam*, 466 S.W.2d 806, 811 (Tex.Civ. App.—El Paso 1971, writ ref'd n. r. e.); *City of Austin v. Selter*, 415 S.W.2d 489, 496 (Tex.Civ.App.—Austin 1967, writ ref'd n. r. e.); *Tex.R.Civ.P. 277, 279.*

■ Defendant's second point complains that the trial court "erred in not disregarding the jury's answer to [defendant's] damage special issue and finding nominal damages for [defendant]." The jury found that plaintiff was entitled to receive $1,000 for his labor performed and materials fur-

nished. Under this finding and the evidence showing no element of damages sustained by defendant, the jury reasonably concluded defendant sustained no damages. We are of the opinion the Texas Deceptive Practices Act, in a case seeking damages, requires actual damages to be incurred before recovery can be obtained under this Act. The jury having found no actual damages, this point is overruled. See *Cordrey v. Armstrong*, 553 S.W.2d 798, 799 (Tex.Civ. App.—Beaumont 1977, no writ).

■ Defendant's third point complains of error "in not awarding [defendant] attorney's fees." This point is without merit. Under the jury's findings defendant did not sustain any actual damages, and therefore is not entitled to recover attorney's fees. *Cordrey v. Armstrong*, supra at 799.

■ Defendant's fourth point urges error "in awarding Appellee . . . attorney's fees." The amount of attorney's fees awarded to plaintiff was stipulated by the parties as being the proper amount if attorney's fees were legally recoverable. Plaintiff filed suit to recover the "reasonable worth" of certain "goods, wares, merchandise, services, labor done, and materials furnished." The issue submitted, without objection, inquired as to the "reasonable value of the services and labor rendered and performed, and the material delivered. . ." Attorney's fees are specifically allowed for this type of cause of action under *Tex.Rev. Civ.Stat.Ann. art. 2226* (Supp.1978). *Barcheers v. Braswell*, 548 S.W.2d 76, 79 (Tex. Civ.App.—El Paso 1977, no writ); *Boysen v. Security Lumber Co.*, 531 S.W.2d 454, 456– 57 (Tex.Civ.App.—Houston [14th Dist.] 1975, no writ). This point is overruled.

Plaintiff contends that the trial court erred in allowing defendant to amend her pleadings by trial amendment to include a sworn denial. Plaintiff's suit was on a sworn account. Defendant's original answer contained a defective sworn denial. Defendant affirmed a denial and, following her signature, was an acknowledgment taken by a notary. This was not in proper form as an affidavit. See and compare

*Perkins v. Crittenden,* 462 S.W.2d 565, 567 (Tex.1970).

Plaintiff did not, at any time prior to the date of trial, point out the defect in defendant's sworn denial. At the time the case was called for trial and after both parties announced ready, he immediately proceeded to prove up his cause of action. During the course of the testimony given by plaintiff himself, plaintiff admitted some of the statements contained in his affidavit were not true. He admitted that he had not performed some of the work for which he had charged defendant and for which he was attempting to recover. After this admission, and after plaintiff had rested, defendant began to offer testimony; and, for the first time, plaintiff made the objection and pointed out the defect in defendant's verified denial. The trial court then permitted defendant to file a trial amendment curing the defect.

■ The trial court is vested with discretion in allowing a defendant's trial amendment in a sworn account action. See *Parham v. Grace,* 341 S.W.2d 503 (Tex.Civ. App.—Fort Worth 1960, no writ); *Moore v. McKinney,* 151 S.W.2d 255, 258–9 (Tex.Civ. App.—Dallas 1941, no writ). See also *Century Rental Equipment, Inc. v. Neo-Flasher Manufacturing Co.,* 378 S.W.2d 957 (Tex. Civ.App.—Houston 1964, no writ). The court's order in allowing a trial amendment will not be set aside in absence of a clear showing that the court has abused its discretion. *Ka-Hugh Enterprises, Inc. v. Fort Worth Pipe & Supply Co.,* 524 S.W.2d 418, 422 (Tex.Civ.App.—Fort Worth 1975, writ ref'd n. r. e.); *Tuck v. Tuck,* 509 S.W.2d 656, 658 (Tex.Civ.App.—Austin 1974, writ ref'd n. r. e.). See also *Pigg v. International Hospitals, Inc.,* 421 S.W.2d 169, 172 (Tex. Civ.App.—Dallas 1967, writ ref'd n. r. e.).

■ Under the facts of this case, the trial court did not abuse its discretion in allowing defendant to file the trial amendment to correct defects in the form of defendant's verified denial. This point is overruled.

Other points presented by plaintiff in his appeal are not supported by argument or authority and are therefore waived. See *Pacific Employers Insurance Co. v. Solomon,* 488 S.W.2d 189, 190 (Tex.Civ.App.— Texarkana 1972, writ ref'd n. r. e.); *West Texas Utilities Co. v. Bergstrom,* 458 S.W.2d 548, 551 (Tex.Civ.App.—Eastland 1970, writ ref'd n. r. e.).

Even though plaintiff admitted that he had not performed some of the work for which he had charged defendant, the evidence presented by plaintiff supported the jury's finding that $1,000 was the reasonable value of the labor performed and materials furnished.

There being no error in the trial below, the judgment of the trial court is affirmed.

AFFIRMED.