James H. COLTHARP et al., Appellants,

v.

The STATE of Texas, Appellee.

No. 12915.

Court of Civil Appeals of Texas, Austin.

July 18, 1979.

Rehearing Denied Aug. 22, 1979.

Mary Joe Carroll, Clark, Thomas, Winters & Shapiro, Austin, for appellants.

John L. Hill, Atty. Gen., Gilbert J. Bernal, Jr., Asst. Atty. Gen., Austin, for appellee.

O'QUINN, Justice.

The State of Texas, through the Alcoholic Beverage Commission, brought this suit in March of 1976, seeking collection of more than $79,000 in alleged deficiencies in payments of beverage taxes plus penalties, against James H. Coltharp, doing business as several named holders of mixed beverage permits, and the surety companies, Western Surety Company and United States Fidelity and Guaranty Company.

By subsequent amended petition, in 1977, the State increased the amount sued for, named an additional permit holder, and adopted a form of verification, in conformity with Section 206.02 of the Texas Alcoholic Beverage Code, which placed the claim for taxes under provisions of Rule 185, Texas Rules of Civil Procedure, applicable to suits on sworn accounts.

Coltharp's first amended answer, filed in response to the State's *original* petition, set up a general denial and other grounds for specific defenses, but was not verified and did not conform to the wording required under Rule 185.

After the parties announced ready for trial, initial stipulations were stated, a jury had been empaneled, the State had made an opening statement, and the State's verified audits had been offered in evidence, the

State moved for instructed verdict on the ground that defendants below had failed to file verified answer as required under Rule 185. Attorneys for defendants advised the court that they had never seen the State's first amended petition, filed under Section 206.02 in a form to place the tax claim within Rule 185 applicable to sworn accounts.

Counsel for defendants sought to withdraw announcement of ready and offered to file answer verified in conformity with Rule 185. The trial court stated that counsel would be permitted to perfect bills of exception to the ruling of the court, but the State's motion for verdict would be granted, adding, "I don't think I have any other alternative under Rule 185."

Appellants bring three points of error. We will sustain the points upon which judgment will be reversed, and will remand the cause for trial.

We state at the outset facts disclosed by the record upon which appellants sought to withdraw their announcement of ready and to file amended pleadings to conform to the requirements of Rule 185.

In making a bill of exception to the trial court's adverse ruling, counsel for appellants gave testimony that counsel had never seen, and did not know of the existence of, the State's first amended petition. One attorney admitted that the "return receipt" for certified mail from the attorney general had been signed in the handwriting of his bookkeeper, but denied that he had personally received a copy of the State's first amended petition, and, further, that he believed, when announcing ready, that the parties were going to trial on the State's *original* petition. Counsel did not know of the first amended petition until he heard reference to it by the State's attorney in his opening statement, and thereafter, being furnished a copy, saw the amended petition for "the first time."

The record shows that the original petition was filed in March of 1976; that the State's first amended petition, adopting the form of verification required under Rule 185, was filed in April of 1977; and that some six months thereafter, in October of 1977, defendant Coltharp filed his first amended answer " . . . in answer to Plaintiff's *Original* Petition herein . . ."

The sworn testimony of counsel, that he had never seen the amended petition and that it had not been received by him personally, is not contradicted in any manner. The fact that counsel filed his own amended pleadings six months after the State amended to invoke for the first time Rule 185, and did not answer the amended petition, but instead answered the State's *original* petition, is consistent with counsel's testimony. To that extent, at least, counsel's amended pleadings in answer to the *original* petition provide corroboration of his explanation for failing to file a verified answer in conformity with Rule 185. If counsel had seen and read the State's amended petition, it is only logical to assume that his amended answer, filed six months later, would not have stated that it was " . . . in answer to Plaintiff's Original Petition herein . . ."

Counsel for appellants took appropriate action and made proper motions to withdraw announcement of ready and to amend the pleadings so that the State's verified petition bearing the armament of Rule 185 could be squarely met by defensive issues already pleaded in the first amended answer, though not verified within requirements of the Rule. The trial court, as observed earlier, was of the view that the court had no "other alternative under Rule 185" but to refuse motions to withdraw announcements of ready and amend pleadings to conform with Rule 185.

Counsel for the State urged upon the court, "Withdrawing announcements of ready would just make Rule 185 meaningless, Your Honor." The court stated, "I will deny your motion and grant the [State's] motion for instructed verdict . . ." Thereafter the trial court, in a letter to attorneys for all parties, stated: "This is to advise . . . that I am denying the relief requested by the defendants. In my opinion, to grant the relief requested would

be in direct conflict with what the Supreme Court intended in Rule 185 . . . ."

It is clear from the record that the trial court assumed that Rule 185 deprived the court of discretion. We agree with appellants that the concept that Rule 185 deprives a trial court of discretion to entertain a motion to withdraw announcement of ready and permit the filing of amended pleadings is plainly rejected by *Parham v. Grace,* 341 S.W.2d 503 (Tex.Civ.App. Fort Worth 1960, no writ).

That concept has been refuted likewise in *Century Rental Equipment, Inc. v. Neo-Flasher Manufacturing Co.,* 378 S.W.2d 957, 960 (Tex.Civ.App. Houston 1964, no writ); *South Texas Lumber Stores, Inc. v. Cain,* 416 S.W.2d 530 (Tex.Civ.App. Austin 1967, no writ); *Moore v. McKinney,* 151 S.W.2d 255, 258, 260 (Tex.Civ.App. Dallas 1941, no writ); *Grace v. Rahlfs,* 508 S.W.2d 158, 163 (Tex.Civ.App. El Paso 1974, writ ref'd n. r. e.); *Reiger v. DeWylf,* 566 S.W.2d 47, 49 (Tex.Civ.App. Beaumont 1978, writ ref'd n. r. e.).

In this case it is undenied that counsel for appellants had no knowledge of, and had never seen, the State's verified amended petition until after announcement of ready and commencement of trial. The State on appeal insists that counsel was negligent in some manner by allowing a bookkeeper to receive and sign for certified mail. An issue of negligence was not before the trial court and is not an issue for consideration on appeal.

Counsel for appellants consistently made it clear that appellants proposed at trial to contest the audits, later verified under Rule 185 by the State's amended petition, which were relied on by the State to prove plaintiff's case. Not only did the amended answer show a challenge of the audits, but after the taking of eleven depositions, in which both parties participated, the principal and controlling issue in the lawsuit had been established beyond doubt. The only barrier to prevent a vigorous defense at trial was the want of an answer sworn to as required by Rule 185.

We conclude that it was error for the trial court to hold that under Rule 185 the court was unable to exercise judicial discretion and permit appellants to withdraw announcement of ready and to amend the pleadings to conform to Rule 185, and that the ends of justice require that the judgment be reversed and the cause remanded for trial on the merits.

The judgment of the trial court is reversed. The cause is remanded for new trial.