Joseph S. COLANDINO, Appellant,

v.

EL PASO NATIONAL BANK, INC., Appellee.

No. 6793.

Court of Civil Appeals of Texas, El Paso.

July 18, 1979.

Rehearing Aug. 15, 1979.

Chagra & Chagra, Joseph S. Chagra, Jay L. Nye, El Paso, for appellant.

Peticolas, Luscombe, Stephens & Windle, Wayne Windle Jr., Michael C. Boyle, El Paso, for appellee.

## OPINION

WARD, Justice.

This is an action for personal injuries arising from an accident which happened when the Plaintiff/invitee attempted to leave a bank building and a glass door fell from its pivot. Trial was to a jury which failed to find that the bank either knew or should have known of the defective condition of the door or that the bank was negligent. Based upon the verdict, the trial Court entered a take nothing judgment against the Plaintiff. The Plaintiff appeals, and we affirm.

Joseph S. Colandino, while leaving the El Paso National Bank building, pulled a handle of $3 \times 7'$ 300 pound glass door. The door came out of its top pivot, fell, and the glass shattered. Mr. Colandino was caused to fall as a result of the incident, and filed suit against the Bank alleging that it was the owner of a building, that he was a business invitee, that the Bank knew or should have known that the door was in a dangerous or defective condition, and that the Bank was negligent in several particulars, all of which proximately caused the accident. The Bank answered by general denial, and filed a third party complaint against PPG Industries for indemnity alleging that PPG Industries had, at the request of the Bank, installed the door in question a short time before the accident. Colandino at no time joined PPG Industries as a defendant, and the Bank's third party action against PPG Industries was dismissed by the Bank before this trial. By its answers to special issue No. 2, the jury determined that the glass door in question involved an unreasonable risk of harm to people entering or leaving the Bank. Special issue No. 3 made the inquiry if the Bank, its agents or employees knew of such condition or in the exercise of reasonable care should have discovered such condition, and to the question the jury answered "No." Since the issue inquiring of the Bank's negligence and the proximate cause were conditionally submitted on a "Yes" answer to special issue No. 3, those issues were not answered.

The Appellant's first point complains of the action of the trial Court in refusing to allow him to file a trial amend-

ment alleging the doctrine of res ipsa loquitur and in refusing to instruct the jury under that doctrine. The request for the trial amendment was made after both parties had rested. In his trial petition, the Appellant alleged that the Bank was negligent in some eighteen particulars and issue was joined thereon. It was the Bank's position that it was not negligent in any manner, that it had ordered the work on the door to be done by PPG Industries, that the work was done correctly but that if any negligence was present it was that of PPG Industries. The matter of granting leave to file a trial amendment is addressed to the sound discretion of the trial court, and the court's order thereon will not be set aside in the absence of a clear showing that the court abused its discretion. *Tuck v. Tuck,* 509 S.W.2d 656 (Tex.Civ.App.—Austin 1974, writ ref'd n. r. e.). The case had been on file for over three and one-half years and the Appellant showed no diligence or excuse for his failure to have his pleadings in order. Also, adding the res ipsa ground changed the manner by which the Bank was defending the case. See *Burroughs Corporation v. Farmers Dairies,* 538 S.W.2d 809 (Tex.Civ.App.—El Paso 1976, writ ref'd n. r. e.). We fail to see where the trial Court abused its discretion.

The Appellant requested an instruction on res ipsa loquitur in the manner suggested by the Supreme Court in *Mobil Chemical Company v. Bell,* 517 S.W.2d 245, 256 (Tex. 1974). Since we have held that there was no abuse of discretion shown as to the trial amendment, the instruction became immaterial. Appellant's first point is overruled.

■ The second point is that the trial Court erred in failing to instruct the jury on the non-delegable duty doctrine as applied to the Appellee Bank. That is, that the employer/Bank was liable for the negligence of the independent contractor, PPG Industries, regardless of whether or not the Bank had done everything that could reasonably be required of it. Here, the parties agree that PPG Industries was an independent contractor in undertaking the repair and maintenance of the door. Yet, we will overrule the point for two reasons. In the first place, the Appellant dictated to the court reporter a suggested instruction to the effect that the Bank would be liable for all actions taken by PPG Industries in repairing the door. Yet, the case as submitted to the jury was on the theory that the defect in the door was a hidden one which the Bank would either have to know about or have constructive knowledge about and would then have to guard its customers from any unreasonable risk of harm. The case was not submitted to the jury on any theory that the Bank or its independent contractor was negligent in repairing the door, and the instruction as to the non-delegable duty of the independent contractor was in regard to defective repairs rather than on the submitted theory. The instruction as dictated was thus immaterial to the theory as submitted. See Restatement (2d) of Torts sec. 422 A (1965).

■ In the second place, Rule 279, Tex.R. Civ.P., still provides that the failure to submit a definition or explanatory instruction shall not be deemed a ground for reversal of the judgment unless a substantially correct definition or explanatory instruction has been requested in writing and tendered by the party complaining of the judgment. This was not done. While Rule 272, Tex.R. Civ.P., now provides that objections to the charge may be dictated to the court reporter, that Rule does not change the requirement of Rule 279. Those instructions, particularly where they are relied on by the party making the request, must be submitted to the trial court in writing. See *Adam v. Harris,* 564 S.W.2d 152 (Tex.Civ. App.—Houston [14th Dist.] 1978, writ ref'd n. r. e); *First State Bank & Trust Company of Edinburg v. George,* 519 S.W.2d 198 (Tex.Civ.App.—Corpus Christi 1974, ref'd n. r. e.). The second point is overruled.

The Appellant next presents no evidence and insufficient evidence points regarding the jury's answers to the damage issues.

The jury awarded damages for physical pain and suffering in the past in the amount of $2,000.00 and set their finding as to the future pain and suffering at "none." Without detailing the evidence, we will state that it was sharply conflicting. We further state that after reviewing the evidence, we overrule both points.

The final complaint presented is that the trial Court failed to submit the case on the correct theory of defective repairs. While that contention may have some merit, we fail to find where issues presenting that theory were submitted to the trial Court in writing. We have nothing to review. Rule 279, Tex.R.Civ.P. The point is overruled.

The judgment of the trial Court is affirmed.