Dessie SHEFFIELD, Appellant,

v.

Raymond S. SHEFFIELD, Appellee.

No. 09–82–059 CV.

Court of Appeals of Texas,
Beaumont.

Aug. 23, 1984.

Rehearing Denied Sept. 19, 1984.

Jimmy W. Nettles, Beaumont, for appellant.

John E. Kinney, Woodville, for appellee.

## OPINION

DIES, Chief Justice.

Dessie Sheffield, appellant, is the mother of two sons, Robert Sheffield and appellee Raymond S. Sheffield. Robert lives in Silsbee; Raymond farms in Tyler County across a farm to market road from his mother. In 1969, Robert and Raymond began a partnership farming operation in Tyler County on the family lands, including a 16-acre tract (where Raymond lives), and a 47-acre tract. This partnership resulted in a lawsuit between the two brothers, and it was dissolved in February 1979.

On July 6, 1979, Raymond and his mother entered into a written option to purchase, under which the mother agreed to sell Raymond the 16- and 47-acre tracts for a stated price. The option was prepared by the mother's attorney. The price agreed on, the testimony shows, was fully the value of the property.

Eight days after the execution of the option to purchase, the mother repudiated the option only as it relates to the 47-acre tract. Raymond then brought suit against his mother for specific performance of the contract to convey the land (as to the 47-acre tract). The mother defended on the sole ground that the contract was procured by the exercise upon her of undue influence by Raymond, appellee. A lengthy trial was had to a jury which rejected the mother's contention. Judgment for specific performance followed, from which the mother has perfected appeal to this Court.

Appellant's first point of error urges that "[t]he trial court abused its discretion and erred in allowing plaintiff's introduction of alleged inter alias acts of a third person into evidence because such inclusion of irrelevant evidence confused and prejudiced the jury to the extent that it caused and probably did cause the rendition of an improper verdict and judgment."

What appellant is complaining of is that evidence was permitted which showed that the brother in Silsbee, Robert, was opposed to his mother's conveying the 47-acre tract to appellee; that she had taken such position based on his advice; that Robert participated in the trial and induced a change of lawyers and other acts. The clear implication was that it was Robert, not Raymond, who influenced the mother's decision. Appellant has submitted to us an able brief to advance her contention that "suits arising from contract cannot be mixed with suits arising from tort, unless they arise out of the same transaction."

It is well here to discuss what has become the leading case on the exertion of undue influence, *Rothermel v. Duncan,*

369 S.W.2d 917 (Tex.1963). In *Rothermel,* a 93-year-old mother, in very poor health, amended her will to the benefit of her surviving son and the exclusion of the children of a deceased son. A jury later found the will was the result of undue influence. In reversing this outcome, the Supreme Court made, inter alia, these comments which have been consistently followed by Texas courts ever since:

1. No two cases involving undue influence are alike, and each must stand or fall depending upon the legal sufficiency of the facts proved.

2. Before a testament may be set aside on the grounds of undue influence, the contestant must prove: (a) the existence and exertion of an influence; (b) the effective operation of such influence so as to subvert or overpower the mind of the testator at the time of the execution of the testament; and (c) the execution of a testament which the maker thereof would not have executed but for such influence.

It can be seen that the contestant urging undue influence has a very heavy load to carry for, as said by the Court in *Rothermel,* at 922,

"It cannot be said that every influence exerted by one person on the will of another is undue, for the influence is not undue unless the free agency of the testator was destroyed and a testament produced that expresses the will of the one exerting the influence. . . .

". . . The courts of Texas treat the exertion of such influence in the execution of a dispositive instrument as a species of legal fraud."

The Court observed that the elements may be proved circumstantially but that the circumstances relied on must not be equally consistent with the absence of the exercise of such influence, "because a solemn testament . . . by one mentally capable of executing it should not be set aside upon a bare suspicion of wrongdoing." *Rothermel,* at 922–923. An important inquiry into the question of the exertion, the Court wrote, was the testator's mental or physical incapacity to resist or the susceptibility

of the testator's mind to the type and extent of the influence exerted.

■ The evidence in the case at bar shows almost no exertion by appellee of undue influence over his mother. If it is her burden to establish this, certainly appellee had the right to explain the repudiation as coming from other sources, and his evidence that it was produced by his brother's opposition to the sale is admissible. *See also Michon v. Ayalla,* 84 Tex. 685, 19 S.W. 878, 880 (1892): "Acts occurring before or after or at the time of the execution of the instrument tending to throw light upon the mental condition of the party, are admissible." This point of error is overruled.

Appellant's points two and three are grouped together and will be so dealt with herein. They are that appellee's attorney in closing argument advised the jury of the legal effect of their answer to Special Issue No. 1 and the court erred in allowing his attorney to proffer evidence on compromise settlement. In Special Issue No. 1 the jury failed to find that the option signed by appellant was the result of undue influence exerted by appellee.

■ As to the first contention, appellee's attorney commented to the effect that if the option was enforced, the land in question would not be present in her estate at her death for anyone to inherit. This fact was certainly obvious to the jury. They knew appellee was suing to compel specific performance which would exclude inheritance by the other brother at her death. At any rate, the trial judge admonished the jury not to consider the legal effect of their answer. *See Emmons v. Travelers Insurance Company,* 349 S.W.2d 282, 284 (Tex. Civ.App.—Beaumont 1961, no writ).

■ As to the third point, appellee did testify his brother Robert was present at the depositions of the parties, and that Robert was involved in discussions between the parties. No evidence was given of any offer by appellant to settle with appellee. As long as the evidence was confined to Robert's participation in the discussions

and, where no specific basis of compromise offered by appellant was shown, the evidence should be admissible under the rationale we discussed under the first point of error. *See also Travelers Insurance Company v. Barrett,* 366 S.W.2d 692 (Tex. Civ.App.—El Paso 1963, no writ). These points are overruled.

Appellant's fourth point of error concerning the involvement of Robert in changing attorneys has been, we think, sufficiently answered herein under the first point of error. It is therefore overruled.

Appellant's fifth point of error concerns the use by appellee of a visual aid. This we leave to the discretion of the trial judge absent clear abuse. *See Champlin Oil & Refining Company v. Chastain,* 403 S.W.2d 376, 389 (Tex.1965). This point of error is overruled.

■ Appellant's sixth point of error urges that "[t]he trial court erred in overruling defendant's motion to enter judgment notwithstanding the verdict because the jury's answer to special issue no. 1 was so contrary to the overwhelming weight and preponderance of the evidence as a matter of fact as to be manifestly unjust." We approach this point of error under the direction of *In re King's Estate,* 150 Tex. 662, 244 S.W.2d 660 (1951). It would unduly lengthen this opinion to summarize all of appellant's testimony. At best it shows her reluctance to sell the land, and Raymond's desire to buy it. She was paid an adequate price for it. Appellant was not shown to be weak-willed or infirm. (In fact, she was introduced to this Court during oral argument.) Appellant's facts are not nearly so convincing as in *Rothermel, supra,* discussed herein. This point of error is overruled.

Appellant has a final point of error, which we find without merit, concerning an allegedly disqualified venireman. At any rate, the objection was not made properly to the trial court. *See Palestine Contractors, Inc. v. Perkins,* 386 S.W.2d 764, 774 (Tex.1964). This point of error is overruled.

The judgment of the trial court is affirmed.

Affirmed.